19553

Arnold B. GARBADE, as Executor of the Last Will and Testament of Pansie S. Garbade, Appellant, v. Donald H. GARBADE, Jr., et al., Respondents.

(194 S. E. (2d) 186)

*Messrs. Walker & McKellar*, of Ridgeland, *for Appellant,*

*Messrs. Luke N. Brown, Jr.,* and *Gary D. Brown,* of Ridgeland, and *Donald B. Barkowitz, W. Turner Logan,* and *Michael Gardner,* of Charleston, *for Respondents,*

January 18, 1973.

BRAILSFORD, Justice:

This is an appeal from the trial in the Court of Common Pleas for Jasper County of the issue of will or no will with respect to a writing dated January 20, 1971, purporting to be the will of Pansie S. Garbade, who died of cancer on the third day after the execution of the paper. The question of whether Mrs. Garbade possessed testamentary capacity was submitted to the jury and answered in favor of the contestants. The proponent has appealed on the sole ground that "there was no competent evidence to show that Pansie S. Garbade lacked the mental capacity to execute a Will on January 20, 1971."

Of the three subscribing witnesses, only Mrs. Garbade's physician took the stand. He testified that the will was signed at about 8:30 A. M. on January 20, and that his patient was mentally competent at that time. He testified that Mrs. Garbade did not read the will and that it was not read to her; but he inquired "whether she knew what she was signing and whether she knew the contents of it," to which she replied, "yes."

On the other hand, eight lay witnesses (three of whom were contestants), who knew Mrs. Garbade well and were closely connected with her by blood or marriage or long friendship, and who saw her on January 19 and 20 (except for one who saw her only on the 19th), testified, in effect, that after January 18 she was comatose and unable to recognize them or respond to their presence in any way. All of these witnesses expressed the opinion that Mrs. Garbade lacked sufficient mental capacity to understand what she was doing when the will was signed. The testimony of these lay witnesses was competent on the issue, 57 Am. Jur., Wills, Sec. 128 (1948), and was admitted without objection.

A will contest for lack of testamentary capacity raises a purely legal issue which contestants are entitled to have submitted to the jury if there is any evidence tending to support the challenge. The abundant evidence here as to Mrs. Garbade's condition before and after the purported will was signed was sufficient to raise an inference of incapacity at the critical time. Therefore, the verdict of the jury is conclusive.

In the order for judgment on the verdict, the proposed will is declared to be a nullity and Mrs. Garbade is declared to have died intestate. Appellant objects upon the ground that an earlier will exists which he is entitled to offer for probate. We construe the order as declaring that Mrs. Garbade died intestate insofar as the purported will involved in this case is concerned, without affecting appellant's rights

under any other will. Since during oral argument counsel for contestants expressly agreed with this construction, the matter need not be further noticed.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.