0159

A. McCOY'S, INC., Appellant, v. James R. GARNER and Kathy S. Garner, Respondents.

(315 S. E. (2d) 812)

Court of Appeals

*McCants, Nelson, Green & Lafaye,* Columbia, *Richard N. Kenan,* Newberry, *for appellant.*

*Sasso & Ledford,* Greenville, *for respondents.*

Heard March 1, 1984.

Decided April 23, 1984.

GARDNER, Judge.

Fred D. Garner died testate and devised certain land to respondents James R. and Kathy S. Garner (the Garners). His estate was fully administered and the executors discharged; some twenty months later, appellant A. McCoy's, Inc. (McCoy's) brought this action against the Garners to subject the land devised to them to an alleged debt owed it by the deceased Fred D. Garner. The trial judge dismissed the action with prejudice holding that McCoy's claim is forever barred by its failure to file a properly attested claim against the estate as required by Section 21-15-640, Code of Laws of South Carolina (1976). We affirm.

The pertinent portions of § 21-15-640 provide:

> All Claims of creditors of such estate shall upon the expiration of five months after the first publication of the notice prescribed in § 21-15-640 be forever barred unless, before the expiration of such period, an account thereof, duly attested, shall have been filed with such executor or administrator or with the judge of probate of the county in which such estate is being administered. (Emphasis supplied.)

> McCoy's contends that § 21-15-640 merely protects executors and administrators of decedents estates but does not protect the devisees of the real estate of a

decedent from the just claim of a creditor who did not properly file an attested account. We reject this argument and hold that § 21-15-640 is a nonclaim statute which bars all claims which are not timely filed against an estate. This includes assets distributed to the beneficiaries of the estate. *Moultis v. Degen,* 279 S. C. 1, 301 S. E. (2d) 554 (1983).

McCoy's additionally contends that since the executors ■ denied in writing the alleged debt to McCoy's before the statutory time expired, § 21-15-640 was waived. McCoy's did not plead the facts upon which it asserts the waiver. Moreover, the transcript of record contains no evidence supporting this argument and nothing to indicate that it was presented to the trial judge. It cannot for the first time be raised on appeal. *American Hardware Supply Co., Inc. v. Whitmire,* 278 S. C. 607, 300 S. E. (2d) 289 (1983).

Lastly, McCoy's contends that § 21-15-640 is an affir- ■ mative defense which must be pled and was not properly before the trial judge for a ruling *sus sponte.* A careful examination of the record reflects that the parties stipulated certain facts including the fact that McCoy's had not complied with § 21-15-640. The record does not disclose that McCoy's objected or raised this issue in the court below. We hold that it cannot be considered for the first time on appeal. *American Hardware Supply Co., Inc. v. Whitmire, supra.* Furthermore, where counsel enter into agreed stipulations of fact which form the basis for a decision by the trial court, both sides will be bound by the stipulations. *Belue v. Fetner,* 251 S. C. 600, 164 S. E. (2d) 753 (1968).

For the foregoing reasons the appealed order is affirmed.

Affirmed.

CURETON and GOOLSBY, JJ., concur.