0358

CAROLINA EASTERN GRAIN CORPORATION, Respondent, v. Maureen S. HOUCK, Executrix of the Estate of W. J. Houck, d/b/a W. J. Houck and Company, and Shuler H. Houck, Jr., of which Maureen S. Houck, Executrix of the Estate of W. J. Houck, d/b/a W. J. Houck and Company, is the Appellant. Appeal of HOUCK (Maureen S.).

(325 S. E. (2d) 75)

Court of Appeals

*Fred R. Fanning, Jr.,* of *Bryant, Fanning & Yarborough,* Orangeburg, and *Francenia B. Heizer,* of *Coble & Heizer,* Columbia, *for appellant.*

*Willis Fuller, Jr.,* Charleston, *for respondent.*

Heard Oct. 17, 1984.

Decided Jan. 7, 1985.

BELL, Judge:

Carolina Eastern Grain Corporation sued Maureen Houck, in her capacity as executrix of her husband's estate, to recover rent due under a grain elevator lease. Following a bench trial, the circuit judge entered judgment against Houck in the amount of $18,000 with interest. Houck appeals. We affirm.

The facts are essentially undisputed. W. J. Houck ran a farm supply business, W. J. Houck & Company, in Calhoun County until his death in May 1977. In the last two weeks of his life he negotiated a lease of a grain storage facility owned by Carolina Eastern. W. J. Houck and Carolina Eastern agreed upon the basic terms of the lease contract; however, Mr. Houck died before a written contract could be signed.

Maureen Houck qualified as executrix of the estate of W. J. Houck. Under his will she enjoyed wide latitude in running the Company. Shuler Houck, W. J.'s nephew, was general manager of the business before Mr Houck's death and continued to serve in that capacity thereafter.[1]

Mr. Houck died on May 12. Three days later the company took possession of the grain elevator and began making necessary repairs for its operation. On June 27, 1977, Shuler Houck signed a lease with Carolina Eastern, in his capacity as "agent for W. J. Houck and Company." The term of the lease was three years, with an annual rent of $9,000 payable in advance on May 15 of the second and third year. The first year's rent, less an allowance for the repairs, was paid June 27. One month later, Maureen Houck executed a sublease between "W. J. Houck & Co." and the South Carolina Commissioner of Agriculture.

The Notice to Creditors of the estate of W. J. Houck, prescribed by Section 21-15-630, Code of Laws of South Carolina, 1976, was first published May 26, 1977. Carolina Eastern filed no claim against the estate for amounts due in 1978 and 1979

---

[1] At trial some issue was made over Maureen Houck's authority under the will to conduct the business, and over Shuler Houck's authority to bind the estate. While duly excepted to, these matters have been abandoned on appeal by counsel for Mrs. Houck.

under the lease. In March 1979, counsel for Carolina Eastern mailed a letter to the Calhoun County Judge of Probate notifying her that the rent payments were in default. In May 1981, Carolina Eastern filed its amended complaint to recover the rent.

The sole question presented on appeal is whether Code Section 21-15-640 operates to bar Carolina Eastern's claim. It is now established that Section 21-15-640 is a "nonclaim" statute. *Moultis v. Degen,* 279 S. C. 1, 301 S. E. (2d) 554 (1983). That is, a creditor who fails to file a verified claim against the estate within five months of publication of the notice to creditors is forever barred from asserting his claim. *McCoy's, Inc. v. Garner,* 281 S. C. 378, 315 S. E. (2d) 812 (S. C. App. 1984).

The protection afforded personal representatives by Sections 21-15-630 and 21-15-640 applies to "debts due from the deceased." *Id.,* Section 21-15-630; *see Southern Coatings & Chemical Co. v. Belcher,* 274 S. C. 76, 261 S. E. (2d) 162 (1979) (purpose of attestation of claim is to furnish personal representative with information regarding how decedent became indebted). The trial court reasoned that when Mrs. Houck sublet the grain elevator to the Agriculture Commissioner, the obligation was transformed from one of the decedent to an obligation of the estate, and thus was not subject to the bar of Section 21-15-640. We reach the same result by a more direct route.

When Shuler Houck executed the lease on June 27, 1977, W. J. Houck & Company was an asset of the estate of W. J. Houck subject to administration by the executrix. Thus, the trial court found that a valid lease existed between W. J. Houck & Company, being operated by Maureen Houck as executrix of the estate of W. J. Houck, and Carolina Eastern. Since the lease was executed after W. J. Houck's death, the obligation of the lease was not a "debt [ ] due from the deceased," and was not subject to the filing and nonclaim provisions of Sections 21-15-630 and 21-15-640. *See In re Gifford's Estate,* 133 Neb. 331, 275 N.W. 273 (1937); *In re Estate of Kulow,* 439 So. (2d) 280 (Fla. App. 1983). Accordingly, the judgment below is

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.