0382

INDEPENDENT GRAIN DEALERS MARKETING ASSOCIATION, INC.,
Appellant, v. Floyd BEARD, Respondent.

(326 S. E. (2d) 169)

Court of Appeals

*Grady E. McMehan* and *Charles W. Blackwell* of *McMehan, Hancock & Blackwell*, Rock Hill, *for appellant.*

*Doyet A. Early, III* and *Richard Ness* of *Early & Kemp*, Bamberg, *for respondent.*

Heard Nov. 20, 1984.

Decided Feb. 1, 1985.

CURETON, Judge:

In this breach of contract action, Independent Grain Dealers Association, Inc. (Independent) appeals from a circuit court order confirming a master's report which concluded that respondent Floyd Beard was justified in abandoning the contract. We disagree with the trial court and reverse.

The parties entered into an oral contract in July 1980 which provided that Independent would purchase 30,000 bushels of corn from Beard at a price of $3.20 per bushel.[1] Delivery of the corn was to be made to a third party, Coastal Builders, trading as Glennville Elevators, Inc., in Glennville, Georgia. The parties disagree as to when performance under this contract was to commence. Beard claims performance was to begin after he completed performance under another contract between himself and Glennville Elevators for the delivery of 75,000 bushels of corn. Independent denies that commencement of performance was conditioned on completion of performance under the other contract. Beard never completed delivery of the corn under the Glennville contract due to an alleged breach by Glennville of the terms of that contract.

Beard defends against Independent's suit for breach of contract upon the premise that since the present contract conditioned performance upon completion of delivery under the Glennville contract, breach of the Glennville contract excused him from having to perform under this contract.

The case was heard before a master based upon a stipulation of facts, the pertinent provisions of which provide:

> It is stipulated that Defendant Floyd Beard would testify that he did not fulfill his obligation under his contract with Plaintiff because he had been having a dispute with Glennville Elevator, the person to whom the corn was to be delivered, concerning the weight and moisture content of corn delivered to Glennville under similar contracts.
>
> It is stipulated that Floyd Beard would testify that he was to deliver Plaintiff's 30,000 bushels after he had delivered another 75,000 bushels to Glennville Elevator

---

[1] The contract was negotiated through a broker who sent to the parties a statement showing the names of the parties, the number of bushels to be sold, the price per bushel and the time of shipment.

under a similar contract with a third party, and that Floyd Beard never completed the delivery of that 75,000 bushels. It is further stipulated that Plaintiff's representative would testify that this delivery provision was never a part of the contract between the parties, and that plaintiff had no knowledge of any other deliveries to be made by Defendant to anyone.

The master concluded that Beard was justified in abandoning his contract with Independent because the parties contemplated that performance under this contract would follow completion of the Glennville contract. He further concluded Glennville breached its contract with Beard, and thus Beard had no obligation to perform under the instant contract. The circuit judge agreed with the master and upheld his decision.

Although Independent poses three questions on appeal, we will consider only the question of whether the master was confined to a consideration of the facts contained in the parties' stipulations in making his decision because determination of this issue effectively disposes of the case on appeal.[2]

In rendering his decision, the master viewed this case and the case of *Glennville Elevators, Inc. v. Floyd Beard*, No. 0472 (S. C. App., argued Nov. 20, 1984), tried before him the same day, as companion cases and utilized the evidence from the *Glennvlle* case to decide this case. The parties agree that the master's findings of fact are not supported by the stipulations in this case, but disagree as to whether he should have been confined to the stipulations in making his findings of fact.

The trial court concluded that it was proper for the master to use evidence from the other case because the contracts in the two cases were executed contemporaneously, the place of delivery on both contracts was the same and "according to the stipulations of fact, the defendant contended that he could not commence delivery under

---

[2] The other questions are:

    a. Can a term be added to a contract by parol evidence when the term is not alleged in the pleading as part of a defense and when the contract memorandum purports to contain the entire agreement?

    b. Can a party be held to have breached a contract on the ground that a third party breached an unrelated contract?

the present contract until he had fulfilled the conditions of the prior contract." We think the trial court was incorrect. When the parties entered into an agreed stipulation of fact as basis for the decision by the master, both were bound by the stipulations and the master could not go beyond the stipulations to determine the facts upon which the case was to be decided. *Belue v. Fetner*, 251 S. C. 600, 164 S. E. (2d) 753 (1968); *Forbes v. Kingan & Co.*, 174 S. C. 24, 176 S. E. 880 (1934); *A. McCoy's, Inc. v. Garner*, 281 S. C. 378, 315 S. E. (2d) 812 (S. C. App. 1984); After the parties made their stipulations, only questions of law were left for the master to decide. 83 C.J.S, *Stipulations* § 25b (1953).

We hold that it was error for the master to consider ■ evidence from the *Glennville case* in deciding the present case.[3] Further, the provisions of the stipulations dealing with Beard's justification for abandoning the instant contract do not amount to stipulations at all since the statements left the trier of fact with the task of assessing the weight and credibility of the evidence. 73 Am. Jur. (2d) *Stipulations* Section 17 (1974).

By going outside the stipulated facts, the master considered evidence which Independent was not afforded the opportunity to rebut. We therefore find that the master committed reversible error in considering evidence from the *Glennville case*. Accordingly the order of the trial court is reversed and this case remanded for reconsideration consistent with this opinion.[4]

Reversed and remanded.

SHAW and GOOLSBY, JJ., concur.

---

[3] We have reviewed the stipulations and cannot glean from them any indication that performance under the instant contract was in any way conditioned upon performance under the Glennville contract.

[4] Independent argued also that it was entitled to judgment as a matter of law because the master permitted parol evidence to be used to modify the terms of the parties' contract. We do not reach this question, because we think that if error was committed, it will be corrected on remand.