0432

D. K. VEREEN, Executor Under the Last Will and Testament of Hattie Bell Vereen Mauney, Respondent, v. Annie HARDEE, I. J. Hardee, Martha Ann Strickland, Frances Thompkins, Paul Knight, Leona McCormick, Sam Vereen, Lela Johnson, Minnie Norris, Doris Vereen, Jeannetter V. Hyatt, Christine Wolfe, and Ira Sender, Respondents, of whom Annie Hardee and I. J. Hardee are Appellants.

Appeal of Annie HARDEE and I. J. Hardee.

(328 S. E. (2d) 666)

Court of Appeals

*John R. Clarks*, North Myrtle Beach, *for appellants.*

*John P. Henry*, Conway, *for respondent.*

Heard Feb. 19, 1985.

Decided April 8, 1985.

SHAW, Judge:

This appeal presents only one question: when numerous lay witnesses testify a decedent possesses the requisite mental capacity to execute her will, but the only medical expert who testifies concludes the decedent lacked such capacity, is the jury bound by the expert's conclusion?

Respondent D. K. Vereen brought this action to prove Hattie Bell Vereen Mauney's will dated June 14, 1978. Appellants I. J. and Annie Hardee alleged Mrs. Mauney lacked capacity to execute that will. The probate court found Mrs. Mauney "had the requisite mental capacity to execute" the will. Following a trial *de novo*, the jury also concluded Mrs. Mauney had "sufficient mental capacity to make" the will. The circuit court denied the Hardee's motions for new trial and judgment notwithstanding the verdict. We affirm.

In an action at law, on appeal of a case tried by a jury, the jurisdiction of this court extends merely to the correction of errors of law; a factual finding by the jury will not be disturbed unless a review of the record disclosed there is no evidence which reasonably supports the jury's findings. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773, 775 (1976); *Willis v. Floyd Brace Co., Inc.*, 279 S. C. 458, 309 S. E. (2d) 295, 297 (Ct. App. 1983).

Our review of the record discloses evidence which reason-

ably supports the jury's finding Mrs. Mauney possessed capacity. Mr. Vereen, Mrs. Mauney's brother, testified on June 12, 1978, when she spoke with her attorney about her will, and June 14, when she executed the will, the decedent's mental condition was good and she understood her actions. The attorney who prepared the will testified on June 12 there was nothing out of the ordinary about her mental condition, she knew exactly who she wanted to leave her property to, and she showed no confusion. The three witnesses to the execution of Mrs. Mauney's will testified on June 14 they noticed nothing out of the ordinary about her mental condition.

However, the only medical expert who testified stated in late 1977 Mrs. Mauney "was rather autistic" and "had rather blan[d] emotions." He noticed she had loss of recent memory and needed help getting to the bathroom. He concluded "she had senile dementia." Mrs. Hardee, Mrs. Mauney's niece, testified in early 1978 the decedent's "mind just dropped and went right down."

*Garbade v. Garbade,* 260 S. C. 58, 194 S. E. (2d) 186 (1973) is controlling. In *Garbade* numerous lay witnesses testified the decedent lacked sufficient mental capacity to execute her will. However, the only medical expert who testified concluded the decedent possessed the requisite capacity. The jury found the decedent did not possess such capacity and the Supreme Court affirmed, holding the issue was for the jury. 194 S. E. (2d) at 187.

In other cases the court has held "opinions of physicians or medical experts may constitute substantial evidence . . ., but their credibility, and the weight of their testimony is for the jury or other trier of the facts." *Kilpatrick v. Brotherhood of Railroad Trainmen,* 210 S. C. 379, 42 S. E. (2d) 891, 895 (1947) (quoting 32 C. J. S. *Evidence* § 569 (1964) ). In *Windham v. City of Florence,* 221 S. C. 350, 70 S. E. (2d) 553 (1952) the Industrial Commission rejected a medical expert's conclusion an employee's death was caused by over-exertion at work. The circuit court reversed the Commission, but the Supreme Court reversed the trial judge, stating:

> The . . . Commission was not bound to accept the conclusion reached by [the doctor] as the correct one. No fact finding body is compelled to blindly accept an expert's

opinion. While there may be circumstances where medical testimony is conclusive, ordinarily such opinions, although uncontradicted, are not conclusive in the sense that they must be accepted as true. They may be rejected if found inconsistent with the facts or otherwise unreasonable.

70 S. E. (2d) at 557. *See also Avant v. Johnson*, 231 S. C. 119, 97 S. E. (2d) 396, 402 (1957); *In re Crawford*, 205 S. C. 72, 30 S. E. (2d) 841, 848 (1944) ("[i]nstances are not wanting in which this and other courts have been called upon to completely reject expert testimony"); *Rogers v. Nation*, 326 S. E. (2d) 182 (S. C. App. 1985).

Therefore, we hold when numerous lay witnesses testify a decedent possesses mental capacity, and a medical expert concludes otherwise, a jury is not bound by the expert's conclusion and can make its own determination of the issue.

Affirmed.

SANDERS, C. J., and BELL, J., concur.