22655

PORT ROYAL TERMINAL CORP., Appellant v. SOUTH CAROLINA
PORTS AUTHORITY, Respondent.

(352 S. E. (2d) 482)

Supreme Court

*Joab M. Dowling, Jr.*, of *Dowling, Sanders, Dukes, Svalina, Ruth & Williams, P.A.*, Beaufort, *W. Lyman Dillon* and *Leslie A. Dent*, both of *Hansell & Post*, Atlanta, Ga., *for appellant.*

*William H. Vaughan, Jr.*, and *Philip L. Lawrence*, both of *Vaughan, Robson, Barnwell & Lawrence*, Charleston, *for respondent.*

Heard Dec. 9, 1986.

Decided Jan. 19, 1987.

*Per Curiam:*

Port Royal Terminal Corp. (Port Royal) brought this ac-

tion for declaratory and injunctive relief and for damages against the South Carolina Ports Authority (Authority), alleging its lease of State Pier 21 in Beaufort County was wrongfully terminated.

The complaint was filed May 28, 1985. The Authority filed a demurrer, answer and counterclaim on June 27. On July 1, the new South Carolina Rules of Civil Procedure became effective. Demurrers were abolished by Rule 7(b), S.C.R.C.P. The Circuit Court entered a consent order on July 15 which provided: "All aspects of this case concerning discovery, motion [sic], hearings, etc., shall proceed as provided under the South Carolina Rules of Civil Procedure . . ."

At a hearing on August 18, 1985, the Circuit Court held that the effect of the consent order was to transform the demurrer into a motion to dismiss pursuant to Rule 12(b)(6), S.C.R.C.P. The Court then found that the facts pleaded failed to state a cause of action, and dismissed the complaint.

There is no substantive difference between a demurrer on the ground a complaint fails to state facts sufficient to constitute a cause of action and a Rule 12(b)(6) motion to dismiss upon the same ground. Differences are procedural only and involve the time and manner of presentation.

Notwithstanding the similarity of demurrer and Rule 12(b)(6), Port Royal contends that the effect of the consent order was to nullify the demurrer absolutely, so that the Authority was not entitled to proceed under the Rule. Port Roya contends, further, that it was surprised by the Court's interpretation of the consent order and was unprepared to argue the merits of the Rule 12(b)(6) motion.

We agree with Port Royal that the consent order is ambiguous and that the Circuit Court improperly transformed the demurrer into a Rule 12(b)(6) motion. Accordingly, we reverse and remand. The Authority is given leave to file a motion pursuant to Rule 12(b)(6) in the prescribed manner.

Reversed and remanded.

HARWELL, J., not participating.