2405

IN THE MATTER OF THE ESTATE OF LUTHER W. TOLLISON, Deceased. Anderson Area Medical Center, Inc., Respondent v. BILLY W. TOLLISON, Personal Representative for the Estate of Luther W. Tollison, Deceased, Appellant.

(463 S.E. (2d) 611)

Court of Appeals

*Stephen K. Haigler, Glenn, Haigler & Maddox,* Anderson, *for appellant.*

*Steven C. Kirven* and *Todd R. Davidson, Watkins, Vandiver, Kirven, Gable & Grey,* Anderson, *for respondent.*

Submitted Sept. 12, 1995.

Filed Oct. 30, 1995.

HOWELL, Chief Judge:

Billy W. Tollison, in his capacity as personal representative of the estate of Luther W. Tollison, appeals from a circuit court order which reversed the order of the probate court and found

the Anderson Area Medical Center, Inc. (AAMC) properly presented a $193,199.21 claim against the estate. We affirm.

On July 18, 1991, Luther W. Tollison was critically injured in an automobile accident and was admitted to AAMC for treatment. Tollison remained in AAMC from the date of the accident until his death on October 10, 1991. Shortly after Tollison's death, his estate was opened in the Abbeville County probate court and Billy W. Tollison was appointed personal representative. The Estate first published a notice to creditors in an Abbeville County newspaper on October 30, 1991.

On December 9, 1991, AAMC mailed a copy of its bill to the personal representative's attorney. The bill showed $193,199.21 in charges for medical services and supplies provided to Luther Tollison. The documents were sent to the personal representative's attorney at his request, and the Estate used the amount of the bill in its efforts to negotiate a settlement with the defending parties in a wrongful death and survival action. Ultimately, the wrongful death and survival claims resulted in a total settlement of $550,000.

On October 29, 1993, AAMC filed a statement of creditor's claim in the Abbeville County probate court. The estate filed a notice of disallowance alleging AAMC failed to properly present its claim within the time required by law and the claim was therefore barred. AAMC challenged the disallowance in probate court, alleging its claim had been properly presented within the meaning of S.C. Code Ann. § 62-3 803 and § 62-3-804[1] when it mailed copies of its bills to the personal representative's attorney in December, 1991. The probate court found AAMC failed to file its claim with the court within the time period set forth in section 62-3-803 and section 62-3-804. Nevertheless, the probate court found AAMC was entitled to $55, 651.89 from funds the Estate received as settlement in the survival action.

Both the Estate and AAMC appealed to the circuit court. The circuit court determined the medical bills AAMC mailed to the personal representative in December of 1991 constituted proper presentation of a creditor's claim and, therefore, found AAMC complied with the applicable statutory time limitations. The circuit court reversed the decision of the probate

---

[1] S.C. Code Ann. §§ 62-3-803, –804 (Supp. 1994).

court and allowed AAMC's claim in the full amount of $193,199.21. This appeal followed.

## I. *Standard of Review*

Appeals taken from the probate court are governed by the provisions of the Probate Code. *Howard v. Mutz*, 315 S.C. 356, 434 S.E. (2d) 254 (1993). Pursuant to S.C. Code Ann. § 62-1-308(a) (Supp. 1994), an order or decree of the probate court shall be appealed to the circuit court. The circuit court must hear and determine the appeal "according to the rules of law." S.C. Code Ann. § 62-1-308(d) (1987). The phrase "according to the rules of law" means according to the rules governing appeals. *Howard, supra.* In the absence of a statute or rule prescribing a different standard of review, the circuit court must apply the same standard this court would on direct appeal. *Id.*

Where appeal is taken from the probate court's decision in an action in the nature of an action at law, the circuit court may not disturb the probate court's findings of fact unless a review of the record discloses there is no evidence to support them. *Id.* Petitions to allow claims against an estate are treated the same as any other proceeding for purposes of ascertaining their legal or equitable nature. *Id.* Because the proceedings herein involve claims for money due, and because such claims are ordinarily triable at law, if there is any evidence which reasonably supports the factual findings of the probate judge, her order must be affirmed. *Howard, supra.* The jurisdiction of both reviewing courts also extends to the correction of errors of law. *Id.*

## II. *Presentation of Creditor Claims Against the Estate*

First, we agree with the circuit court that the probate court erred in ordering partial payment of AAMC's claim against the estate. Section 62-3-803 is a nonclaim statute. *See A. McCoy's, Inc. v. Garner*, 281 S.C. 378, 315 S.E. (2d) 812 (Ct. App. 1984) (finding former section 21-15-640 a nonclaim statute). Thus, unless the statute is complied with, the creditor's claim is barred. *Id.* Because the Estate has not challenged the amount of AAMC's claim, the claim must be allowed in full or not at all. On appeal, the Estate argues the circuit court erred in finding AAMC timely presented its claim

against the Estate by delivering a copy of its bills to the personal representative's attorney. We disagree.

The presentation of claims against an estate is governed by the probate code. Here, it is undisputed the relevant statutory time limit for the presentation of AAMC's claim was within eight months of the first publication of the Estate's notice to creditor's which occurred on October 30, 1991. S.C. Code Ann. §§ 62-3-801 (a), –803 (Supp. 1994).

As to the manner of presenting claims against an estate, S.C. Code Ann. § 62-3-804 (Supp. 1994) provides:

> (1) The claimant may deliver or mail to the personal representative a written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed, and must file a written statement of the claim, in the form prescribed by rule, with the clerk of the probate court. The claim is deemed presented on the first to occur of receipt of the written statement of claim by the personal representative or the filing of the claim with the court.

We agree with the circuit court that under a liberal construction of section 62-3-804, the bills AAMC mailed to the personal representative, through his attorney, constituted presentation of its claim against the estate within the meaning of the statute. See S.C. Code Ann. § 62-1-102(a) (1987) (providing the probate code "shall be liberally construed and applied to promote its underlying purposes and policies"). The bill included the basis of AAMC's claim (medical services rendered), the amount claimed ($193,199.21), and the name and address of the claimant. Under section 62-1-804, a claim is deemed presented upon the first to occur of receipt by the personal representative or filing with the court; therefore, AAMC's claim was presented when it was received by the personal representative's attorney in December of 1991, well within the eight-month statutory claims period. Because AAMC later filed a written statement of its claim with the probate court on the prescribed form, both requirements of section 62-3-804 were met within the statutory period.

The Estate also complains the bills sent by AAMC did not constitute proper notice of a claim against the Estate because AAMC did not specifically intend the bills

to be treated as a claim against the Estate. In support of this argument, the Estate notes the bills were not addressed to the personal representative of the Estate and, in addition, they were printed on forms used to file medicare claims and listed "MEDICARE", "MEDICAID" AND "INSURANCE PRIMARY" as payors.[2] We find this argument to be without merit.

Section 62-3-804 does not specify a particular form for presentation of a claim to a personal representative, nor does the statute include an "intent" requirement. The claim met the statutory requirements by indicating the basis, claimant name and address, and the amount, and, as required, was subsequently filed with the clerk of the probate court. Moreover, it is undisputed the personal representative and his attorneys were aware of AAMC's claim against the Estate and used the amount of the claim in pursuing their wrongful death and survival claims and in ultimately negotiating settlement of those claims.

Accordingly, for the foregoing reasons, the decision of the circuit court is hereby

Affirmed.

SHAW and CONNOR, JJ., concur.

___

[2] AAMC received a $46,108.47 payment from Medicare and Medicaid. However, the payment was repaid to Medicare and Medicaid when AAMC chose to consider the liability insurance carrier as the principal payor rather than Medicare and Medicaid.