522 S.E.2d 830

**Barnard M. PORTMAN, Gary D. Brown, Donald V. Barkowitz and Michael K. Gardner, Appellants,**

**v.**

**Donald H. GARBADE, Jr., Richard L. Garbade, Nancy Garbade Jenkins, Arnold Berg Garbade, Jr., David M. Garbade, Phillip M. Garbade and Edward Perry Garbade,**

**Of Whom Donald H. Garbade, Jr., Richard L. Garbade, and Nancy Garbade Jenkins are, Respondents.**

**No. 3048.**

Court of Appeals of South Carolina.

Heard Jan. 14, 1999.

Decided Sept. 20, 1999.

Darrell T. Johnson, Jr., of Darrell T. Johnson, Jr. Law Offices, of Hardeeville, for appellants.

A. Parker Barnes, Jr. and David S. Black, both of A. Parker Barnes, Jr. & Associates, of Beaufort, for respondents.

PER CURIAM:

After Rehearing, the Court withdraws the previously filed opinion and substitutes the attached opinion.

HUFF, Judge:

Barnard M. Portman, Gary D. Brown, Donald V. Barkowitz and Michael K. Gardner (Attorneys) brought this action seeking partition of land in which they claim they owned a percentage of the interest of their former clients, (Garbades). The trial court granted the Garbades' Rule 12(b)(6), SCRCP motion. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

The Attorneys represented the Garbades in a will contest that was finally decided in their favor by the South Carolina Supreme Court in *Garbade v. Garbade*, 260 S.C. 58, 194 S.E.2d 186 (1973). As a result of the will contest, each of the Garbades inherited a one-seventh undivided interest in the property.

On September 16, 1996, the Attorneys filed this action seeking partition of the property. They claimed they contractually owned a fifty percent undivided interest in the Garbades' combined three-sevenths undivided interest. This claim is based on an oral contingency fee agreement for legal fees the Attorneys incurred representing the Garbades in the will contest that was decided more than twenty years previously.

The Garbades answered asserting numerous defenses. They also filed a motion to dismiss pursuant to Rule 12(b)(6), SCRCP asserting numerous bases for dismissal. At the hearing, the trial court stated it was granting the motion to dismiss because the Attorneys were not tenants in common in the property and were not entitled to partition under S.C.Code Ann. § 15–61–10 (1976).[1] The order lists the grounds raised for dismissal as (1) the Attorneys lack of standing to bring the partition action; (2) the suit's being barred by the statute of limitations; (3) the minority of two of the Garbades at the time of alleged contract, thus their having lacked capacity to enter into the alleged contract; (4) and the failure to satisfy the statute of frauds because no writing exists. The order granted the motion to dismiss with prejudice without stating on which ground, or grounds, the dismissal was based.

The Attorneys filed a motion for reconsideration asserting that the basis for the trial court's granting the motion to dismiss was its holding that an equitable interest did not support a partition action and implicit in such a ruling is the inference that the dismissal was without prejudice. The Attorneys claimed they should have been granted the opportunity to amend their complaint. The trial court denied the motion in a form order.

## LAW/ANALYSIS

The Attorneys first argue the trial court erred in finding facts and considering matter outside of the four corners of their complaint. The Attorneys never made any objection to the trial court's questions at the hearing.[2] Moreover, in their motion for reconsideration, they did not argue the trial court had considered matters outside of the scope of Rule 12(b)(6), SCRCP. This issue, therefore, is not preserved

1. This section provides, in pertinent part, "All joint tenants and tenants in common who hold, jointly or in common, . . . shall be compellable to make severance and partition of all such lands, tenements and hereditaments."

2. After asserting his clients had an equitable interest in the property the Garbades hold legal title to, counsel stated, "Our short answer to all of the other allegations is that all of those are affirmative defenses." Counsel never argued the trial court could not consider affirmative defenses in deciding a 12(b)(6) motion.

for appellate review. *Food Mart v. South Carolina Dep't of Health and Envtl. Control,* 322 S.C. 232, 471 S.E.2d 688 (1996) (matters not argued to or ruled on by the trial court are not preserved for appellate review).

The Attorneys also argue the trial court erred in granting the motion to dismiss on the ground that an equitable interest could not be partitioned. The trial court's order, however, did not limit the basis of its dismissal to the Attorneys' lack of standing to bring the partition action. Instead, it listed a number of grounds stated in the Garbades' motion to dismiss and then granted the motion. Thus, the other grounds listed in the order are alternate grounds for dismissal of the case. Because the Attorneys failed to appeal these alternate grounds, they stand as the law of the case. *In re: Morrison,* 321 S.C. 370, 468 S.E.2d 651 (1996) (ruling which is not contested on appeal is the law of the case); *Biales v. Young,* 315 S.C. 166, 432 S.E.2d 482 (1993) (failure to argue alternative ground is abandonment of issue and precludes consideration on appeal): *Columbia (SC) Teachers Federal Credit Union v. Newsome Chevrolet–Buick,* 303 S.C. 162, 399 S.E.2d 444 (Ct.App.1990) (alternative ruling of trial court not excepted to, constitutes basis for affirming the trial court and is not reviewable on appeal). Accordingly, we affirm the trial court's ruling on this issue.

Finally, the Attorneys contend the trial court erred in dismissing their complaint with prejudice instead of allowing them to amend. We disagree.

Prior to the adoption of the Rules of Civil Procedure,[3] the South Carolina Supreme Court stated:

Ordinarily, when a demurrer is sustained for mere insufficiency, the complaint should not be absolutely dismissed, if the omission can be supplied by amendment, for the latter course saves the delay, trouble, and expense of bringing a new action. But, when the complaint shows affirmatively

---

[3]. *Port Royal Terminal Corp. v. South Carolina Ports Authority,* 291 S.C. 130, 352 S.E.2d 482 (1987) ("There is no substantive difference between a demurrer on the ground a complaint fails to state facts sufficient to constitute a cause of action and a Rule 12(b)(6) motion to dismiss upon the same ground. Differences are procedural only and involve the time and manner of presentation.").

that plaintiff is not entitled to relief in any view of the case, dismissal of the action is proper; and, in such cases, the judgment of dismissal will bar another action for the same cause.

*Owens v. Atlantic Coast Lumber Corp.,* 108 S.C. 258, 94 S.E. 15 (1917). *See, e.g., A. McCoy's, Inc. v. Garner,* 281 S.C. 378, 315 S.E.2d 812 (Ct.App.1984) (affirming trial court's dismissal with prejudice of appellant's claim for alleged debt by decedent where appellant failed to file a properly attested claim against the estate).

The trial court's dismissal of the complaint on the alternate grounds, including the statute of limitations and statute of frauds, is the law of the case. Clearly, under these grounds, the Attorneys are not entitled to relief in any view of the case. We, therefore, cannot say the trial court erred in dismissing the case with prejudice. Accordingly, the order below is

**AFFIRMED.**

GOOLSBY, J., concurs.

HOWARD, J., dissenting in a separate opinion.

HOWARD, Judge, dissenting:

I disagree with the majority's conclusion that the trial court ruled on any ground for dismissal asserted by the Garbades in their motion to dismiss other than that which has been properly preserved for appeal. The court clearly granted the motion to dismiss pursuant to Rule 12(b)(6), for failure of the second amended complaint to state facts sufficient to constitute a cause of action. The reason given by the trial judge at the conclusion of the hearing was that the complaint failed to allege the Attorneys held an interest in the property as tenants in common. No other basis was stated by the court. Therefore, the court held an action for partition could not be maintained.

Although the attorneys for the parties recited the factual history and acquainted the judge with all of the bases advanced for dismissal, the record does not contain any affidavits or other evidence submitted for consideration of matters outside of the pleadings. The record further reveals that the court came to the conclusion a co-tenancy was required before

counsel completed argument on the other issues. The record clearly reflects the court's basis for dismissal:

THE COURT: Your claiming that you have an undivided interest as a tenant in common with others in a 206 acre tract of property, that you are a titled owner. Where is your title?

MR. JOHNSON: We have the equitable title only, your honor.

THE COURT: Okay. Denied. Dismissed. You're out.

MR. BARNES: Your granting my—

THE COURT: I grant your motion. Not in a partition suit, I don't believe.

MR. BARNES: And it is my understanding that this ends this particular complaint against all—

THE COURT: If it is a partition suit. That's a partition suit. I assume that's all we're talking about. That's what I wanted to be sure was specifically you were seeking to partition real property.

MR. JOHNSON: That is correct.

THE COURT: I'm denying the partition. I am granting your 12–B–6 (sic) as to the partition suit *because they're not a tenant in common.* (Emphasis added)

The court's ruling foreclosed further argument on the issues the majority now advances as unappealed grounds for the dismissal. The court then instructed counsel for Garbade to prepare a written order, which was later submitted and signed.

The subsequent written order simply recited the procedural history and stated:

"Having heard counsel for Defendant and counsel for Plaintiffs it is hereby ORDERED, ADJUDGED, AND DECREED that the Defendants' 12(b)(6) Motions be granted and that the amended Complaint be, and it hereby is, dismissed with prejudice."

The Attorneys filed a motion to reconsider pursuant to Rule 59, SCRCP, asking the court to allow them to amend their complaint in lieu of dismissal, or to amend the order of dismissal to be without prejudice. This motion was denied, without elaboration.

Clearly an issue of this nature must be preserved before it may be addressed on appeal. However, as we have often instructed the trial bench and bar, "all that this Court has ever required is that the questions presented for its decision must first have been fairly and properly raised in the lower court and passed upon by that Court." *Hubbard v. Rowe*, 192 S.C. 12, 19, 5 S.E.2d 187, 189 (1939). Where, as here, the trial court succinctly states the sole basis for its ruling at the conclusion of the hearing, and the subsequent written order recites only the procedural history and the action taken by the court, i.e. dismissal, the written order adds nothing of substance to the court's reasoning or grounds for dismissal.

If the basis for the ruling is unclear, I agree with placing the burden on the losing side to ask the court for clarification. But in my opinion a fair reading of the record in this case supports only one conclusion; that is, that the issue of co-tenancy interest as a prerequisite to maintaining an action for partition of real property has been fairly raised and ruled upon as the only basis for dismissal.

At the very least, the court's subsequent written order is ambiguous. If so, then the same conclusion is mandated under our case law. "[I]n construing an ambiguous order . . ., the determinative factor is to ascertain the intent of the judge who wrote the order." *Eddins v. Eddins*, 304 S.C. 133, 135, 403 S.E.2d 164, 166 (Ct.App.1991) (citation omitted); *see also Kumar v. Third Generation, Inc.*, 324 S.C. 284, 485 S.E.2d 626 (Ct.App.1995). There can be no question as to the intent of the trial judge when the record so clearly states the grounds upon which the dismissal is granted. To hold otherwise places form over substance, and renders error preservation a minefield through which only the lucky and the divine can successfully pass.

Having concluded the issue is preserved, I agree with the trial court in the determination that the Attorneys were not entitled to maintain an action for partition of property as alleged, because they did not claim an interest as co-tenants.

South Carolina Code Ann. § 15–61–10 (1976) reads as follows:

> All joint tenants and tenants in common who hold, jointly or in common, for a term of life or years or of whom one has

an estate for a term of life or years with the other that has an estate of inheritance or freehold in any lands, tenements or hereditaments shall be compellable to make severance and partition of all such lands, tenements and hereditaments.

Thus, if the complaint does not allege facts sufficient to assert a claim as a co-tenant, there is no factual basis to support a claim for partition.

Pleadings are to be liberally construed "to do substantial justice to all parties." Rule 8(f), SCRCP; *Hughes v. Water World Water Slide, Inc.*, 314 S.C. 211, 442 S.E.2d 584 (1994). Liberally construing the amended complaint, the Attorneys alleged a 50% equitable interest in the Garbades' real property. The second amended complaint requests that the court determine the interests of the respective parties in the "premises", and then grant partition. Though the allegations of the amended complaint allege an "equitable ownership" in the property, there is no underlying factual basis for an assertion of an interest in the property as co-tenants. Consequently, I believe the trial court was correct in dismissing the second amended complaint under Rule 12(b)(6). *See Brown v. Leverette,* 291 S.C. 364, 366, 353 S.E.2d 697, 698 (1987).

However, I would hold the court erred when it dismissed the complaint with prejudice. *Sealy v. Dodge,* 289 S.C. 543, 544, 347 S.E.2d 504, 505 (1986) ("[D]ismissal ... does not bar a subsequent action brought before expiration of the statute of limitations if the dismissal is based merely on the insufficiency of the complaint."); *cf. Owens v. Atlantic Coast Lumber Corp.,* 108 S.C. 258, 94 S.E. 15 (1917) (dismissal is proper and will bar another action if the complaint affirmatively shows that the plaintiff is not entitled to relief).

The other defenses asserted by the Garbades as a basis to dismiss in the court below and as additional sustaining grounds on appeal are the statute of frauds, incapacity to contract, and expiration of the statute of limitations. Analysis of these issues requires consideration of facts outside of the well-pleaded allegations in the complaint. Consequently, dismissal with prejudice under Rule 12(b)(6) would not have been proper. *See Brown,* 291 S.C. at 366, 353 S.E.2d at 698 ("The trial court must dispose of a motion for failure to state a cause

of action based solely upon the allegations set forth on the face of the complaint.") (citations omitted).

In the hearing on the motion to dismiss, the attorneys for the parties elaborated on the underlying factual basis for the complaint in explanation of the asserted grounds for dismissal. However, no stipulation of fact was made, no affidavit or other evidence was submitted, and the transcript does not indicate that the court converted the motion into a motion for summary judgment, as contemplated by Rule 56, SCRCP. *See Cobb v. Benjamin,* 325 S.C. 573, 482 S.E.2d 589 (Ct.App.1997) (where there is no stipulation, a representation of fact by counsel in written briefs, memoranda or made during oral argument, may not be considered by the court where it is unsupported by the record); *see also Brown,* 291 S.C. at 367, 353 S.E.2d at 698–99 ("[T]he trial court may treat a 12(b)(6) motion as a motion for summary judgment and consider matters presented outside of the pleadings *if* the parties are afforded a reasonable opportunity to respond to such matters in accordance with Rule 56(c) and (e) of the South Carolina Rules of Civil Procedure."). For this reason, consideration of these asserted facts by the court would be premature.

Because I conclude the trial court properly dismissed the complaint, but erred in dismissing it with prejudice, I would rule that the order dismissing the complaint must be modified to state that it is without prejudice. Accordingly, I respectfully dissent.