# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Kelaher, Connell & Conner, P.C., Appellant,

v.

South Carolina Workers' Compensation Commission, Respondent.

Appellate Case No. 2018-001265

---

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

---

Opinion No. 5860
Heard February 2, 2021 – Filed September 8, 2021

---

## AFFIRMED

---

Gene McCain Connell, Jr., of Kelaher Connell &
Connor, PC, of Surfside Beach, for Appellant.

Douglas Charles Baxter, of Richardson Plowden &
Robinson, PA, of Myrtle Beach, and Carmen Vaughn
Ganjehsani, of Richardson Plowden & Robinson, PA of
Columbia; Chelsea Lane Monroe, of Motley Rice, LLC
of Mount Pleasant; and James Keith Roberts, of the
South Carolina Workers' Compensation Commission, of
Columbia, all for Respondent.

---

**LOCKEMY, C.J.:** In this negligence action, Kelaher, Connell & Conner, P.C.
(KCC) appeals the circuit court's order granting the South Carolina Workers'
Compensation Commission's (the Commission's) motion to dismiss under Rule

12(b)(6) of the South Carolina Rules of Civil Procedure.  On appeal, KCC argues the circuit court erred in (1) granting the Commission's motion to dismiss based on the South Carolina Tort Claims Act[1] (the Act), (2) finding the Commission's actions were a judicial act, (3) failing to find the Commission was grossly negligent for its failure to notify KCC of the hearing, and (4) failing to hold KCC had a constitutional right to be heard.  We affirm.

**FACTS/PROCEDURAL HISTORY**

In its complaint, KCC alleged the following set of facts.  On July 31, 2007, Bruce Nadolny retained KCC to represent him in a worker's compensation claim against AVX Corporation and Liberty Mutual Insurance Company.  KCC, on behalf of Nadolny, entered into mediation on his claim.  From that mediation, Nadolny agreed to accept a $120,000 settlement.  The day after mediation, Nadolny informed KCC he no longer needed its representation, and KCC was relieved as counsel.  KCC informed Nadolny that it had expended multiple hours and expenses working on his case and would file a claim for attorney's fees.

KCC asserted it filed a Form 61 fee petition on August 29, 2012, which it alleged the Commission denied receiving.  KCC alleged it filed additional fee petitions on September 11, 2012, and September 18, 2012.  On November 9, 2012, KCC requested the Commission place a lien on the settlement.  On December 13, 2012, the Commission informed KCC it would need to file another Form 61 to put a lien on the case.  KCC filed an alleged fourth Form 61 on December 28, 2012.  In 2016, Nadolny died.  On November 3, 2016, the Commission approved the settlement to Nadolny's widow without notifying KCC of the hearing.  KCC alleged Nadolny's widow moved out of South Carolina after receiving the settlement.

KCC asserts the Commission was negligent, reckless, and willful in the following:

     a.     In failing to notify Plaintiff of a hearing;
     b.     In failing to recognize and protect Plaintiff's lien;
     c.     In mishandling documents including a Fee Petition which was in fact forwarded to the Commission on four occasions;
     d.     In failing to follow generally accepted practices in notifying Plaintiff after he had been relieved;

---

[1] S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2020).

  e.  In failing to send written notice to the Plaintiff;
  f.  In failing to handle notice to the Plaintiff on a potential hearing in a businesslike manner;
  g.  In failing to abide by its employees' emails and notes which indicated that if Plaintiff filed a Form 61 with an Order and cost sheet they would hold until the end of the case.

The Commission filed a motion to dismiss, arguing the circuit court lacked subject matter jurisdiction and that the Commission was immune under the Act. Specifically, the Commission asserted it was immune under section 15-78-60(2)-(3) of the South Carolina Code (2005).  The circuit court ruled it had jurisdiction to hear this action but that the Commission was immune from suit based on the exception found in section 15-78-60(2).  The circuit court stated that, because a government entity was not liable for administrative actions or inactions of quasi-judicial nature, the Commission was immune from suit for the alleged acts of negligence regarding the fee petition.  This appeal followed.

## ISSUES ON APPEAL

1.  Did the circuit court err by granting the Commission's motion to dismiss on the grounds it was immune pursuant to the Act because its actions were ministerial?

2.  Did the circuit court err by finding the Commission's actions or inactions were quasi-judicial because they were ministerial acts?

3.   Did the circuit court err by failing to hold the Commission's failure to notify KCC of the hearing was grossly negligent?

4.  Did the circuit court err by failing to hold KCC had a constitutional right to be heard?

## STANDARD OF REVIEW

"On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the [circuit] court."  *Grimsley v. S.C. Law Enf't Div.*, 396 S.C. 276, 281, 721 S.E.2d 423, 426 (2012) (quoting *Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009)).  "That standard requires the [c]ourt to construe the complaint in a light most favorable to the nonmovant and determine if the facts alleged and the inferences reasonably deducible from the

pleadings would entitle the plaintiff to relief on any theory of the case." *Id.* (quoting *Rydde*, 381 S.C. at 646, 675 S.E.2d at 433). "If the facts alleged and inferences deducible therefrom would entitle the plaintiff to any relief, then dismissal under Rule 12(b)(6) is improper." *Id*.

## LAW/ANALYSIS

### I. Immunity

KCC argues the circuit court erred in finding the Commission was immune under the Act. KCC asserts the Commission's failure to notify KCC of the hearing was a ministerial act and therefore neither the Act nor judicial immunity immunized the Commission. We find the issue of whether the Commission's alleged action or inaction was ministerial is not preserved for appellate review.

In its response to the Commission's motion to dismiss, KCC asserted the Commission was not immune because the Commission's act was not a judicial or quasi-judicial act because it was simple negligence. KCC did not raise the issue of whether the Commission's act was a ministerial act—and thus an exception to the Act's immunity—until its Rule 59(e), SCRCP, motion. Because KCC failed to raise this issue at the hearing or in its response to the Commission's motion to dismiss, we find this issue is unpreserved for appellate review. *See Portman v. Garbade*, 337 S.C. 186, 189-90, 522 S.E.2d 830, 832 (Ct. App. 1999) (holding an issue not raised to the circuit court in a Rule 12(b)(6), SCRCP, motion, was not preserved for appellate review). Thus, KCC failed to preserve this issue for appellate review. *See Patterson v. Reid*, 318 S.C. 183, 185, 456 S.E.2d 436, 437 (Ct. App. 1995) ("A party cannot for the first time raise an issue by way of a Rule 59(e) motion which could have been raised at trial.").

### II. Gross Negligence

KCC asserts the court should extend a gross negligence standard to the exceptions relied on by the Commission because the Commission asserted it was immune under section 15-78-60(12) of the South Carolina Code (2005). KCC argues the Commission's gross negligence was evidenced by their failure to document the fee petition four times. We disagree.

Section 15-78-60(12) states:

The governmental entity is not liable for a loss resulting from . . . licensing powers or functions including, but not limited to, the issuance, denial, suspension, renewal, or revocation of or failure or refusal to issue, deny, suspend, renew, or revoke any permit, license, certificate, approval, registration, order, or similar authority except when the power or function is exercised in a grossly negligent manner.

Our supreme court has held that "when an *applicable* exception to the waiver of immunity contains a gross negligence standard, that gross negligence standard must be read into all other applicable exceptions that do not contain a gross negligence standard." *Repko v. County of Georgetown*, 424 S.C. 494, 504, 818 S.E.2d 743, 749 (2018). However, "the immunity provision containing the gross negligence standard must actually *apply* to the case before it can be read into another immunity provision." *Id*. If a particular immunity exception does not apply to the facts of the case, "the gross negligence standard contained in that immunity is not to be read into applicable immunity subsections that do not contain a gross negligence standard." *Id.* at 507, 818 S.E.2d at 750.

The substance of section 15-78-60(12) is inapplicable here. *See* § 15-78-60(12). The record shows this case did not deal with licensing powers found in section 15-78-60(12) but instead with the Commission's alleged failure to notify KCC of a hearing. Because section 15-78-60(12) does not apply to this case, the circuit court did not err in failing to extend the gross negligence standard to the exceptions that did apply.

### III.   Right to be Heard

KCC argues constitutional law requires that the Commission allow KCC to be heard and by failing to provide notice of the hearing, the Commission failed to provide sufficient due process. We disagree.

Here, KCC did not allege a violation of its constitutional due process rights in its complaint. Although KCC's complaint mentioned the failure to provide notice, it only raised the failure to provide notice as a claim of the tort of negligence. KCC did not argue a constitutional deprivation in its complaint. *See Charleston Cty. Sch. Dist. v. Harrell*, 393 S.C. 552, 559, 713 S.E.2d 604, 608 (2011) ("It is a well-settled principle that in resolving a Rule 12(b)(6) motion to dismiss, the court is limited to a consideration of the allegations contained within the four corners of

the complaint.").  Because KCC did not allege a constitutional violation of due process in its complaint and the circuit court was limited to allegations as contained in the complaint, the circuit court did not err in granting the Commission's Rule 12(b)(6) motion to dismiss.

**CONCLUSION**

For the foregoing reasons, the circuit order granting the Commission's Rule 12(b)(6) motion is

**AFFIRMED.**

**HUFF and HEWITT, JJ., concur.**