21803

PUREX CORPORATION, Appellant, v. Robert N. WALKER, Respondent.
(296 S. E. (2d) 868)

*Bradford N. Martin,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for appellant.*

*Daniel J. Farnsworth,* Greenville, *for respondent.*

Nov. 1, 1982.

LITTLEJOHN, Justice:

The Complaint in this action arises out of a collision between two automobiles in Greenville on July 20, 1978. The vehicle of the Plaintiff, Purex Corporation, was being driven by its employee, Paul G. Walker, who we will refer to as Agent Walker. The Defendant, Robert N. Walker, was driving his own motor vehicle and we will refer to him as Defendant Walker. He interposed a counterclaim. Two questions are submitted to this Court by way of appeal. First, did the trial judge err in refusing Plaintiff's motion to continue the case, and second, did the trial judge err in refusing to grant a new trial after a verdict was rendered in favor of Defendant Walker.

The facts out of which these questions arise are as follows: On Friday, May 23, 1980, counsel for both parties were informed by the office of the Circuit Judge in Greenville that the trial of the case would be the second to be heard the following Monday, May 26, 1980. Plaintiff's only witness, Agent Walker, lived in Columbia and planned to be in Greenville for the trial. Sunday night, counsel for the Plaintiff received a telephone call from Agent Walker. He stated that he was suffering from dizziness, vertigo, high blood pressure, and loss of equilibrium over the weekend. He stated that he had called is family physician, Dr. Charles R. Holmes, in Columbia, and had an appointment with him for ten o'clock the next morning. Dr. Holmes was away for the weekend and Dr. Madden was accepting his calls, and it was with Dr. Madden that Agent Walker spoke. Dr. Madden prescribed drugs and advised Agent Walker to stay in bed over the weekend and to contact Dr. Holmes on Monday.

On Monday morning it developed that the first case was not for trial and, accordingly, this case was first on the trial roster. Counsel for Plaintiff advised the judge of his conversation on the telephone the night before and made a motion for continuance, agreeing ". . . to submit any written affidavits to the Court once I can get them typed up by my secretary." This was obviously an offer to comply with Rule 27 of the Circuit Court. Instead, the judge phoned Dr. Holmes and was told that he (Holmes) knew of no reason why Agent Walker should not be able to appear in court. In actuality, Agent Walker was

in the waiting room of Dr. Holmes' office at the moment, but Dr. Holmes was not aware of his presence.

The judge refused the motion for continuance and directed a nonsuit with prejudice as to the Complaint. He then permitted the Defendant to pursue his Counterclaim to a favorable verdict.

Thereafter, counsel for the Plaintiff moved for a new trial on the ground that Plaintiff was unduly prejudiced by the absence of its only material witness who was ill.

The motion for a new trial was supported by uncontroverted affidavits establishing the facts hereinabove set forth. Dr. Holmes, Agent Walker's regular physician, averred, "It is my professional opinion that it would seriously impair the health of my patient, Mr. Paul Walker, for him to appear at the trial or do anything before the 28th of June, 1980, due to his precarious condition."

Motions for continuances are addressed to the discretion of the judge. Whether a judge does or does not abuse his discretion depends upon the facts before him at the time. In light of the information which the judge had at the moment, we cannot say that there was an abuse of discretion in refusing the motion for continuance and in ordering the nonsuit.

When the motion for a new trial came to be heard, new facts were revealed and, in like fashion, it was the duty of the judge to again use his discretion in the light of the showing made. Upon a hearing of this motion, the true facts were brought out and we are of the opinion that the judge abused his discretion in refusing the motion for a new trial. Plaintiff has been denied its day in court because of the illness of its only witness and because it could not safely proceed to trial without his testimony.

It is the basic contention of Defendant Walker that the Plaintiff did not comply with Rule 27, which requires a litigant to file an affidavit ". . . that the testimony of the [absent] witness is material to the support of the action, . . ." and that the litigant ". . . cannot go safely to trial without such testimony; . . ." As pointed out hereinabove, counsel indicated in open court a desire to supply the requisite showing but in light of the judge's telephone call, such was not

permitted. This being true, failure to comply with the rule should not be held against the Plaintiff.

A new trial as to both the Complaint and the Counterclaim is directed.

Reversed and Remanded.

LEWIS, C.J., and NESS, GREGORY and HARWELL, JJ., concur.