## 1645

Jon V. EDDINS and Debra E. Keith, as Personal Representatives of the Estate of Sara B. Eddins, Deceased, Respondents v. James V. EDDINS, Appellant.

(403 S.E. (2d) 164)

Court of Appeals

*Randall M. Chastain,* Columbia, *for appellant.*

*James I. Redfearn,* Chesterfield, *for respondents.*

Heard Feb. 20, 1991.

Decided April 22, 1991.

GARDNER, Judge:

This case between Sara B. Eddins (the wife) and James V. Eddins (the husband) involves the construction of a marital litigation decree dated July 14, 1988, in which the trial judge merged an agreement of the parties. This part of the decree is the genesis of the dispute concerning construction. This decree did not grant a divorce. Subsequently, the wife instituted a divorce proceeding which resulted in a decree of divorce on the grounds of physical cruelty. The physical cruelty was so severe that it resulted in criminal prosecution of the husband; he was sentenced to ten years suspended and placed on probation for five years and ordered to pay restitution for the wife's medical expenses amounting to $1,023.00. Due to the length of the divorce hearing, the court reserved its determination of the interest of the parties in the marital assets and the equitable distribution thereof. Subsequently, a hearing was held for purposes of equitable apportionment of the marital estate. Judge Jamie F. Lee presided over this entire litigation. Judge Lee issued the appealed order of this case dated March 29, 1989, in which he, in effect, determined his intent when he issued the order of July 14, 1988. The appealed order provides that the wife receive one-half of the marital estate, the children of the parties receive one-fourth of the marital estate and the husband retain one-fourth of the marital estate. Subsequently, the wife died; an appropriate order has been entered substituting as party respondents her children acting as the personal representatives of her estate. We affirm.

## ISSUES
The sole issue of merit is whether Judge Lee correctly construed his order of July 14, 1988.

## FACTS
The order of July 14, 1988, provides in pertinent part:

[E]ach party owns a one-half (½) undivided interest in all of the marital assets. That should either of these parties, in any future action in this Court, convince this Court

that either party was entitled to a divorce on the grounds of adultery, that in such event, the party so found to have committed adultery would forfeit all of his or her interest, equitable or otherwise, in the marital property to the children of the parties hereto. That should either party, in any future action, convince this Court that the acts of the other party were such as to convince this Court that the party had acted in a manner abusive, degrading, or otherwise constituting conduct of a malicious manner that could be considered demeaning to the other party, <u>then such party acting in such manner would forfeit one-fourth (1/4) of his or her equitable and legal interest in the marital property</u> and **would convey said one-fourth (¼) interest to the children of the parties hereto, retaining one-four [sic] (¼) interest and the remaining one-half (½) interest would become the property of the other party.** [Emphasis ours; the underlining and bold-print type are used for contrast in the discussion which follows.]

## DISCUSSION

We hold for two reasons that although the July 14, 1988 order seems ambiguous, Judge Lee properly construed the order. We base our reasoning on two propositions.

First, in construing an ambiguous order or decree, the determinative factor is to ascertain the intent of the judge who wrote the order. *Weil v. Weil*, 299 S.C. 84, 91-92, 382 S.E. (2d) 471, 475 (1989). The general rules for construing judgment are succinctly set forth in 46 Am. Jur. (2d) *Judgments* § 73 (1969), we quote:

### § 73. General rules of construction.

As a general rule, judgments are to be construed like other written instruments. The determinative factor is the intention of the court, as gathered, not from an isolated part thereof, but from all parts of the judgment itself. Hence, in construing a judgment, it should be examined and considered in its entirety. Such construction should be given to a judgment as will give force and effect to every word of it, if possible, and make it as a whole

consistent and reasonable. In applying this rule, effect must be given to that which is unavoidably and necessarily implied in a judgment, as well as to that which is expressed in the most appropriate language. Sometimes, it is declared that the interpretation or construction of a judgment must be characterized by justice and fairness.

On appeal from an order in which a judge construes his own previously issued order, this court has jurisdiction to construe the appealed order, but in this situation due deference and great weight should be given to the opinion of the trial judge who had the advantage of knowing his own intent. The trial judge's unique knowledge of the intent of the July 1988 order was a major factor in our decision to affirm the appealed order.

Second, the ambiguity of the July 14, 1988 order results from the differences between the portion of the order underlined by us and the portion of the order in bold print. We hold that the bold print portion is controlling because there can be no confusion as to whether the order referred to the entire marital estate or that part to be apportioned to the parties in a no-fault divorce action. The bold print portion clearly sets forth that if either party convinces the court that the other party had acted in an abusive or degrading manner, then in the equitable apportionment of the marital estate the offending party would retain only a one-fourth interest in the entire marital estate. We hold that the trial judge properly construed the July 14, 1988 order.

We find no merit to the husband's contention that the July 14, 1988 order does not determine the manner of apportionment of the marital estate, nor do we find any merit in is contentions that (1) the July 1988 order was a result of the wife's misrepresentation and (2) there was no meeting of the minds as to the agreement merged into the July 1988 order. There was no appeal from the July 14, 1988 order; it is the law of the case.

Moreover, we find no merit in the husband's contention that the family court judge erred in his valuation of the properties and the calculation of shares. A judge's equitable distribution of marital assets rests within his sound discretion. *Morris v. Morris*, 295 S.C. 37, 367 S.E. (2d) 24

(1988). After careful review of the record, we find no error or abuse of discretion.

## CONCLUSION

We affirm the appealed order because (1) on appeal from an order in which a judge construes an order he previously issued, this court will accord much deference to the trial judge's unique ability in determining the intent of the previous order and (2) the bold print portion of the order as quoted by us is clear, unequivocal and unambiguous and, we hold, determinative of the intent of the agreement which was merged into the July 14, 1988 order.[1]

For the reasons stated, the appealed order is affirmed.

Affirmed.

BELL, J., and LITTLEJOHN, Acting Judge, concur.

---

[1] When the court issues an order approving an agreement, the terms of the agreement become part of the decree and are binding upon the parties and the court. *Moseley v. Mosier,* 279 S.C. 348, 306 S.E. (2d) 624 (1983).