2135

WIDEWATER SQUARE ASSOCIATES, 84 Limited Partnership, A South Carolina Limited Partnership, Respondent v. OPENING BREAK OF AMERICA, INC., Appellant, and OPENING BREAK OF AMERICA, INC., Appellant v. Joe EDENS, Edens & Avant, Inc. and Robert P. Kapp, Jr., Respondents.

(442 S.E. (2d) 185)

Court of Appeals

*Daryl G. Hawkins,* of *Lewis, Babcock & Hawkins,* Columbia, *for appellant.*

*Hoover C. Blanton* and *Thomas E. McCutchen,* both of *Whaley, McCutchen, Blanton & Rhodes,* Columbia, *for respondents.*

Submitted Jan. 11, 1994.

Decided Feb. 22, 1994. Reh. Den. Apr. 21, 1994.

*Per Curiam:*

After the entry of an order of settlement between Widewater Square Associates (Widewater) and Opening Break of America, Inc. (Opening Break), Widewater moved to amend and supplement its complaint whereas Opening Break moved to dismiss for lack of jurisdiction. The circuit court granted Widewater's motions to amend and supplement the complaint. Opening Break appeals. We affirm.[1]

Widewater brought suit against Opening Break. Pursuant to a roster hearing, Judge Ernest Kinard, Jr., signed a form order indicating the case had been settled. When Widewater subsequently moved to amend its complaint and to file a supplemental complaint, Opening Break moved to dismiss on the ground the court lacked jurisdiction, arguing the form order constituted a dismissal of the suit. The circuit court concluded the order was "an Administrative form Order pertaining to the status of the docket [which did] not purport to be and was not intended to be a judicial disposition of the pending action."

On appeal, Opening Break contends the order effects a dis-

---

[1] Because oral argument would not aid the court in resolving the issues, we decide this case without argument.

missal of the case. We disagree.

The form order in issue, Form 4, SCRCP, provided in part:

> [ ] Jury Verdict. This action came before the court for a trial by jury. The issues have been tried and the verdict rendered.
>
> [ ] Decision by court. This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.
>
> [ ] Action Dismissed. [ ] Rule 12(b), SCRCP
>
>    [ ] Rule 40(c)(3), SCRCP
>
>    [ ] Rule 41(a), SCRCP (Vol. Nonsuit)
>
>    [ ] Settled
>
>    [ ] Other, Explain: _____

Here, although Judge Kinard marked the box indicating the case was settled, he did not mark the box indicating the action was dismissed.

Under these circumstances, we find the order is ambiguous. "[I]n construing an ambiguous order . . ., the determinative factor is to ascertain the intent of the judge who wrote the order." *Eddins v. Eddins*, 304 S.C. 133, 135, 403 S.E. (2d) 164, 166 (Ct. App. 1991) (citing *Weil v. Weil*, 299 S.C. 84, 382 S.E. (2d) 471 (1989)). Further, " 'the interpretation or construction of a judgment must be characterized by justice and fairness.' " *Eddins*, 304 S.C. at 136, 403 S.E. (2d) at 166 (quoting 46 Am. Jur. (2d) *Judgments* § 73 (1969)).

Although this court has jurisdiction to construe the appealed order, *Eddins*, 304 S.C. at 136, 403 S.E. (2d) at 166, we hold the court below properly construed the disputed order as an administrative form relating to the status of the action that was neither a dismissal nor a final judgment.

Widewater next argues the trial judge erred in considering the statements made by counsel regarding the intent of the parties and the court at the time of the roster meeting. Additionally, Widewater asserts the trial judge erred in considering extrinsic evidence in construing the form order. Widewater did not raise these issues at trial. An issue neither raised at trial nor ruled on by the trial court presents no question on appeal. *Tri-County Ice and Fuel Co. v. Palmetto Ice Co.*, 303 S.C. 237, 399 S.E. (2d) 779 (1990).

Affirmed.