## 2481

Srish KUMAR, Appellant v. THIRD GENERATION, INC., Respondent.
(472 S.E. (2d) 637)

Court of Appeals

*Hugh W. Welborn*, Anderson, *for appellant.*

*Wallace K. Lightsey*, Greenville, *for respondent.*

Heard Nov. 7, 1995.

Decided Dec. 19, 1995; Amended and Refiled Jan. 30, 1996.

## ORDER

Opinion No. 2431, filed December 19, 1995, in the above appeal is withdrawn and the attached opinion is substituted therefor.

IT IS SO ORDERED.

/s/ <u>Curtis G. Shaw</u>, J.
/s/ <u>Carol Connor</u>, J.
/s/ <u>Kaye G. Hearn</u>, J.

HEARN, Judge:

Appellant, Srish Kumar, instituted this breach of contract action against respondent, Third Generation, Inc., seeking unpaid wages and treble damages under S.C. Code Ann. § 41-10-80(c) (Supp. 1994). Appellant appeals the trial court's denial of his motion to restore the case to the jury roster once the court entered an order referring to the case as having been settled and dismissed. We affirm.

Appellant filed this action in the Court of Common Pleas on March 4, 1991. Respondent answered, denying the material allegations of appellant's complaint and alleging certain affirmative defenses as well as setoffs and counterclaims.

When the case was called for trial on November 12, 1993, the parties informed the court they had reached a settlement agreement. Appellant's trial counsel read the following terms of the agreement into the record:

The defendant will pay to the plaintiff the amount of $32,000 in thirty days and that amount will be apportioned according to what the plaintiff will determine after consulting about how the distribution of that money is going to be best divided up, including provision for lost pay, attorney's fees, costs and damages.

After the terms of the agreement were read into the record, the following colloquy occurred:

COURT: All right. Do you want to submit a formal order once you've broken down the settlement into—

COUNSEL FOR RESPONDENT: That's not necessary from our position.

COUNSEL FOR APPELLANT: Not from us either, Your Honor. Just the fact that it's been settled for that amount will be fine.

COURT: All right. Any other matters to put on the record?

COUNSEL FOR APPELLANT: No sir, other than ... the parties understand that that's the settlement and they agree with the settlement. Other than that, that's fine.

The trial judge then executed a form order dated November 12, 1992, marking the action settled and dismissed. The form order provided, in pertinent part:

( ) JURY VERDICT. THIS ACTION CAME BEFORE THE COURT FOR A TRIAL BY JURY. THE ISSUES HAVE BEEN TRIED AND THE VERDICT RENDERED.

( ) DECISION BY COURT. THIS ACTION CAME TO TRIAL OR HEARING BEFORE THE COURT. THE ISSUES HAVE BEEN TRIED OR HEARD AND A DECISION RENDERED.

(✓) ACTION DISMISSED.   ( ) RULE 12 (B), SCRCP ( ) RULE 40 (C) (3), SCRCP   ( ) RULE 41 (a), SCRCP (VOL. NONSUIT) (✓) SETTLED.

The judgment was mailed to the parties' attorneys on November 13, 1992.

Within a week of settling the case, respondent forwarded a release form to Steven Henry, appellant's counsel, along with a cover letter stating respondent would issue a check for the amount of settlement upon return of the release. The release contained a provision for joint payment to appellant and Mr. Henry. Appellant refused to sign the release. Thereafter, Mr. Henry requested a hearing on the matter of enforcing the settlement. Before the motion to enforce the settlement could be heard, Mr. Henry sought leave of court to withdraw as appellant's counsel. Henry's motion, dated February 9, 1993, reads as follow:

> Comes now, Stephen John Henry, who moves for an Order of the Court permitting him to withdraw as counsel in this case, which has been settled and dismissed. In support of this Motion is the attached letter from the Plaintiff dated January 29, 1993.
> Since this case has been settled, counsel asks as part of any relief that may be granted that his fee agreement be protected.

The letter from appellant which Mr. Henry attached to his motion provides, in part, as follows:

> This is to notify you that from this moment I hereby terminate your services as my attorney and all such matters in which you have acted as my attorney. From now on you are not my attorney for anything or purpose and you must not represent to anyone that you are. I also cancel your authority to act on my behalf in any manner.

Mr. Henry's motion to be dismissed as counsel was granted by order dated March 29, 1993. In addition to relieving Mr. Henry as counsel, the order provided that "any payment by the defendant to the plaintiff in settlement of this action shall be made jointly to the plaintiff and to Stephen John Henry so that the latter may be protected with regard to the payment of his fee."

Prior to the issuance of the order relieving Mr. Henry as counsel, respondent began receiving calls from another attorney, Udai Singh, who was then acting as appellant's counsel. Mr. Singh told respondent that appellant was willing to sign the release; however, when respondent mailed a copy of the

release to Mr. Singh, appellant still refused to execute the document.

Therefore, respondent moved to vacate the settlement agreement. In support of its motion to vacate, respondent alleged (1) appellant "repudiated the settlement in an attempt to cheat his own attorney"; (2) appellant engaged in unconscionable and inequitable conduct regarding the settlement; and (3) the settlement was part and parcel of an ongoing fraudulent scheme. By order dated June 29, 1993, the trial court granted respondent's motion to vacate the settlement on the grounds appellant "repudiated the settlement agreement by initially refusing to sign a release and by later refusing to sign a release which provided for joint payment to (appellant) and his former attorney, Steve Henry."

On March 23, 1994, some ten months later, appellant moved to restore his original breach of contract action to the active trial roster. After hearing arguments of counsel, the trial court denied this motion, finding the action had been dismissed by the court on November 12, 1993. Appellant then moved, pursuant to Rule 59(e), SCRCP, for reconsideration of the order denying restoration. After again hearing arguments of counsel, the trial court declined to alter its order denying restoration. This appeal followed.

The pivotal issue is whether the trial court's November 12, 1992, order was a final dismissal of appellant's action. If so, the action was not one which could have been "restored" by the trial court. Appellant argues the trial court could not have intended to dismiss the case in the November order because the court heard subsequent motions concerning the case. Appellant also contends that if the November order constitutes a dismissal of the action, then none of the trial court's subsequent rulings, including the order vacating the settlement, are valid due to lack of subject matter jurisdiction.

In support to his position, appellant cites *Widewater Square Assoc. v. Opening Break of America, Inc.*, 314 S.C. 149, 442 S.E. (2d) 185 (Ct. App. 1994), *aff'd as modified*, — S.C. —, 460 S.E. (2d) 396 (1995). In *Widewater*, the trial court signed a form order, Form 4, SCRCP, indicating the case had been settled at a roster meeting. When Widewater subsequently moved to amend its complaint and file a supplemental complaint, the defendant moved to dismiss on the ground the

court lacked jurisdiction to hear the matter, arguing the form order constituted a dismissal of the suit. The trial court concluded the order constituted "an Administrative form Order pertaining to the status of the docket [which did] not purport to be and was not intended to be a judicial disposition of the pending action." *Widewater*, 314 S.C. at 150, 442 S.E. (2d) at 185.

On appeal, this court noted the trial court had checked only the space on Form 4 indicating the action had been "settled," not the space indicating the case also had been dismissed. Under those circumstances, this court held the order was ambiguous and cited *Eddins v. Eddins*, 304 S.C. 133, 135, 403 S.E. (2d) 164, 166 (Ct. App. 1991), for the proposition that "in construing an ambiguous order . . ., the determinative factor is to ascertain the intent of the judge who wrote the order." Although this Court determined it had jurisdiction to construe the order, it declined to do so, holding the trial court had properly construed the order.

In the instant case, the trial court specifically found the November 12, 1992, order was unambiguous because both the "dismissed" and "settled" boxes were checked. Moreover, the supreme court modified *Widewater* so as to note that even if the order in that case had not been ambiguous, the settlement agreement was unenforceable because the order did not set forth the terms of the settlement as required by Rule 43(k) and because the agreement was not admitted by the parties. Here, then parties admit the agreement and its terms were read into the record.[1] Therefore, we do not find *Widewater* controlling.

Appellant also argues that if the November 12, 1992, order was a final dismissal, the court was without jurisdiction to entertain motions and to issue orders subsequent thereto. We disagree. Other than the motion by appellant's counsel to be relieved, the primary motion heard by the court following the November 12, 1992, order was respondent's motion to vacate the settlement. A trial court has inher-

---

[1] Although appellant argued at oral argument that the settlement was unenforceable under Rule 43(k), citing the decision in *Ashfort Corp. v. Palmetto Constr. Group, Inc., et al.*, — S.C. —, 458 S.E. (2d) 533 (1995), we find the terms of the settlement were sufficiently placed on the record to comply with Rule 43(k).

ent jurisdiction to enforce settlement agreements entered before it. *See Rock Smith Chevrolet, Inc. v. Smith*, 309 S.C. 91, 419 S.E. (2d) 841 (Ct. App. 1992). We hold this jurisdiction extends to motions to vacate settlement agreements. Accordingly, the fact the trial court heard and granted a motion to vacate the settlement is not inconsistent with finality of the November 12, 1992, order of dismissal.

This court is not without sympathy for appellant's position. A new action against Third Generation, Inc. may be barred by the statute of limitations. After agreeing to a settlement of his claims against respondent for $32,000.00, appellant may now receive nothing. Nevertheless, appellant bears some significant measure of responsibility for his predicament. Other avenues of relief were open to appellant, apart from signing the original release, which would have prevented this severe result. Appellant could have appealed from the order vacating the settlement agreement. Moreover, appellant could have moved, pursuant to Rule 60(b), SCRCP, to set aside the order of dismissal. Instead, appellant waited fifteen months from the order of dismissal and nearly nine months from the order vacating the settlement to move to restore his original action to the active trial roster. Under these circumstances we cannot say the trial judge erred in denying this motion. Therefore, his order is

Affirmed.

SHAW and CONNOR, JJ., concur.