THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Appellant,
v.
Henry Poplin, Respondent.
 
 
 

Appeal From Richland County
 G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No.  2006-UP-013
Heard December 7, 2006  Filed January 5, 2006
Withdrawn, Substituted and Refiled March 16, 2006

AFFIRMED

 
 
 
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Sally W. Elliott, Assistant Attorney General David Spencer, all of Columbia; and Solicitor Warren Blair Giese, of Columbia, for Appellant.
Assistant Appellate Defender Robert M. Dudek,  of Columbia, for Respondent.
 
 
 

 PER CURIAM: The State appeals the circuit courts acceptance of Henry Poplins plea of autrefois convict[1] regarding a charge of Assault and Battery With Intent to Kill (ABWIK).  Specifically, the State argues that a preceding PCR order vacated all convictions that were part of a prior plea agreement, allowing the state to retry Poplin on all prior charges.  We affirm.
FACTS
In December 1999, Poplin and an acquaintance entered Rough Draft, a bar in Columbias Five Points area.  Poplins companion was apparently banned from the establishment, and the pair was asked to vacate the premises.  According to Poplin, although escorted out in a rough manner, they left peacefully.  Once outside, however, Poplin realized that he left a drink inside and reentered the bar.  The establishments manager noticed Poplins reentry and an altercation ensued.  Poplin, who was allegedly brandishing a small knife, stabbed the manager several times and attempted to flee.  He was apprehended by local citizens and held until his arrest by law enforcement.
In March 2000, Poplin was indicted for Assault and Battery With Intent to Kill (ABWIK) and Possession of a Firearm or Knife During Commission of or Attempt to Commit a Violent Crime.  Because of a prior ABWIK charge, he faced a mandatory sentence of life without the possibility of parole pursuant to S.C. Code Ann. § 17-25-45 (2003).  Poplin communicated to his trial counsel that he desired to enter a plea to the charges if he could avoid a life sentence.  Counsel then vigorously pursued a plea agreement with the State that would avoid a conviction for a second most serious offense and a mandatory life sentence.  After much negotiation, the State offered a plea agreement.  The offer allowed Poplin to avoid a second ABWIK conviction if he agreed to plead guilty to the following charges:

1. One count of Assault and Battery of a High and Aggravated Nature (ABHAN) as a lesser included offense of the ABWIK charge.
2. An additional count of ABHAN.
3. One count of Second Degree Burglary. 
4. One count of Possession of Tools to be Employed in a Crime.
5.  One count of Possession of a Firearm or Knife During the Commission of a Violent Crime.

A guilty plea to all the above charges exposed Poplin to a possible 45 years of incarceration.  Defense counsel attempted to negotiate a lighter sentence for her client, but was told by the State that this is a way to get him the amount of time we think he deserves and [its] either trial or 45.
Poplins trial counsel informed him that some of the charges were questionable, but that his only options were to either take the deal or go to trial and face a possible life sentence.  He pled guilty to all the charges and received consecutive sentences totaling 45 years imprisonment.
Poplin did not appeal the guilty plea.  Shortly after sentencing, however, he filed an application for PCR, alleging, inter alia, that his plea counsel was ineffective for failing to inform him of his right to appeal and failing to explain the possibility that several of the indictments placed him in double jeopardy for a single criminal act.  The PCR application, it is important to note, challenged only four of the five convictions and did not mention the initial indictment for ABWIK, which, as part of the deal, was pled down to a guilty plea for the lesser included offense of ABHAN.  In November 2001, Poplin received a hearing before the circuit court on his PCR claims.
At the hearing, the range of possible relief available to Poplin was discussed often and to a substantial degree of detail.  Early in the proceedings, the State addressed the issue and the following exchange took place:

The State:  I want to just make sure I understand for the record what relief the applicant is seeking today.
The Court:  I guess he wants a new trial but specifically . . .
The State:  The, your honor, I understand that . . . the appropriate relief would be a new trial on all the charges . . .
PCR Counsel:  Your honor, the applicant would like to ask that the court consider vacating one of the assault and battery charges, one of the weapon charges, and the burglary charge for lack of a factual basis, leaving intact what the applicant concedes hes guilty of, which is one count of [ABHAN] and a single weapons charge.  However, I have explained to him on a previous visit to his correctional institution that it may well be the position of the State that the pleas were entered part and parcel of a negotiated plea bargain and that any effort to undermine the integrity of the pleas on these counts would likely result in vacation of all the judgments and sentences, at which point I believe he would face prosecution on the original indictment for [ABWIK] and Im prepared to question him concerning that decision on the stand.

Following this exchange, Poplin testified that he was fully aware the circuit could vacate all the sentences involved in the plea bargain and that the probable result of his PCR action would be a new indictment on the original charge of ABWIK, a charge he knew could result in a life sentence.  On cross-examination, Poplin conceded that his guilty plea was, in fact, a package deal . . . in lieu of going to trial.
Following the presentation of Poplins case, the State moved for a directed verdict on the following grounds:

The basis is that the relief sought today is to throw out some charges and not others.  I mean, I think even Mr. Poplins own testimony makes clear he understood this was a package deal.  The only relief available is a trial on all the charges.

In a one-word response, the circuit court denied the States directed verdict motion.  Following this denial, Poplins PCR counsel clarified his position:

I would like to make clear that my client has stated that while the first option [vacation of just the four disputed convictions] would be his preference, he is willing to accept the option, the relief, if you will, of a new trial on everything.

The circuit court allowed each party to submit their closing arguments in the form of proposed orders.  After consideration of the proposed orders, the circuit court found Poplins double jeopardy claims persuasive.  In its order, the circuit court stated 1) it is clear that the Applicant could not be prosecuted and punished twice for the same assault and 2) [t]his court further finds that punishment for possession of a weapon during a violent crime and for possession of tools to be used in a crime likewise violates the Applicants rights against double jeopardy where the tool alleged by the one indictment was the same weapon alleged in the other.  Because Poplin was not mindful of his double jeopardy claims when he waived the defense, the court found that his plea counsel failed to adequately advise him of the nature and consequences of the pleas.  The order concludes with the following rather vague ruling:

For all the reasons set forth above, this Application for Post-Conviction Relief is hereby granted.  The Applicants case is to be remanded to the Richland County Court of General Sessions for a new trial.

The order does not specifically address whether it vacates the entirety of Poplins negotiated plea or just those convictions brought into question by his double jeopardy claims.  
The State petitioned the South Carolina Supreme Court for writ of certiorari regarding the PCR ruling on the basis that Defendant was generally aware of the consequences of either accepting the plea agreement or going to trial.  The petition was denied.  Shortly after the denial of the States petition, Defendant was recharged on the original indictment for ABWIK and its mandatory life sentence.  In January 2004, the case was brought to trial.
Poplins new counsel promptly entered a plea of autrefois convict, on the basis that one of Poplins prior guilty pleas, the ABHAN charge brought as a lesser included offense of the original ABWIK, was not vacated by the PCR order.  The renewed ABWIK charge, therefore, was a clear violation of the double jeopardy clause.  According to defense counsel, Poplin was still serving a ten-year sentence for the ABHAN guilty plea; thus, he could not be tried for ABWIK based on the same criminal act.  Because Poplin had been in Richland County Detention Center, and not a typical correctional facility, some confusion arose as to whether or not he was, in fact, still serving a prison sentence.  The State argued that the PCR order vacated all sentences involved in the prior negotiated plea agreement and Poplin was being held like any other defendant awaiting trial.
The circuit court concluded that the State was prohibited from further proceeding against Poplin on the ABWIK charge because the initial sentence for ABHAN was not vacated by the PCR order.  This conclusion was based on the fact that Poplins application for PCR did not challenge his conviction for ABHAN as a lesser-included offense of the initial ABWIK charge.  This appeal followed.
DISCUSSION
The State argues the PCR order vacated the entirety of Poplins negotiated guilty plea, allowing the State to retry Poplin on the originally indicted charge of ABWIK.  We disagree.
Quoting 46 Am.Jur.2d Judgments § 73 (1969), the South Carolina Supreme Court outlined the rules for construing judgments in Eddins v. Eddins, 304 S.C. 133, 403 S.E.2d 164 (1991), as follows:

As a general rule, judgments are to be construed like other written instruments.  The determinative factor is the intention of the court, as gathered, not from an isolated part thereof, but from all parts of the judgment itself.  Hence, in construing a judgment, it should be examined and considered in its entirety.  Such construction should be given to a judgment as will give force and effect to every word of it, if possible, and make it as a whole consistent and reasonable.  In applying this rule, effect must be given to that which is unavoidably and necessarily implied in a judgment, as well as to that which is expressed in the most appropriate language.

Id. at 135-36, 403 S.E.2d at 166.
In the present case, the PCR courts order initially recounts the entirety of Poplins package guilty plea, but, whether purposefully or by accidental omission, lists only one of the ABHAN convictions when reviewing the sentences before it.  Furthermore, the PCR court stated its granted relief as this Application for Post-Conviction Relief is hereby granted.   Poplins application for PCR raises only four of the five convictions.  The application, expressly granted by the circuit court, lacks any mention of the initial ABHAN charge.  In fact, in the memorandum in support of his PCR claims, Poplin expressly states that he is not challenging his conviction on the ABHAN charged as a lesser-included offense of
ABWIK. 
A review of the record on appeal, though in no way conclusive, also reveals evidence supporting the circuit courts interpretation of the PCR order.  The States motion for a directed verdict on the basis that all the charges must be vacated together was promptly denied.[2]  Although the entire negotiated plea was openly discussed at the PCR hearing, as well as the very likely scenario that all the pleas would be vacated, Poplin made clear that the primary relief sought from the circuit court was a new trial on only the four guilty pleas raised in his application.  At no point during the hearing did Poplin concede his only possible relief would be a new trial on all charges.
In criminal cases, the appellate court sits to review errors of law only.  State v. Wilson, 345 S.C. 1, 5-6, 545 S.E.2d 827, 829 (2001).  Thus, we are bound by the circuit courts factual findings unless they are clearly erroneous.  Id.  In the case before us, we find no articulable error of law in the circuit courts interpretation of the PCR order.  Despite the fact that the issue of proper relief was extensively discussed at the PCR hearing, the circuit court was faced with an enigmatic PCR order which failed to address the issue.  While it would certainly not offend reason to reach an opposite conclusion to that of the circuit court, neither the PCR order itself, nor the record on appeal, conclusively reveals the PCR court intended to vacate the entire negotiated plea.  Although we may have construed the PCR order differently, the circuit courts interpretation is supported by evidence both in the order itself and the record on appeal and, thus, is not a clearly erroneous construction of the order.  
The State contends that this construction of the PCR order renders the judgment meaningless because the order expressly remands Poplins case for a new trial.  We are not persuaded by this argument.  Although the fact that Poplin is presently serving a ten-year sentence for ABHAN certainly prevents the State from pursuing an additional conviction on the initial ABWIK indictment, the PCR order, as construed by the circuit court, vacated both guilty pleas to possession of a weapon during a violent crime and possession of tools to be used in a crime as dual prosecutions for a singular criminal act.  There is nothing preventing the State from prosecuting Poplin on the possession of tools to be used in a crime charge; thus, the orders remand for a new trial is not rendered meaningless.
For the foregoing reasons, the circuit courts order is
 AFFIRMED. 
 STILWELL, KITTREDGE, and WILLIAMS, JJ., concur.

[1] A plea in bar of arraignment that the defendant has been convicted of the offense.  Blacks Law Dictionary 130 (7th ed. 1999).
[2] We note that the proper motion in this situation, as PCR actions are civil in nature, would be a motion for nonsuit pursuant to Rule 41, SCRCP.