**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Deutsche Bank National Trust Company, as Trustee for Argent Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2004-W11, Respondent,

v.

Geary Thomas Dooly, Eleanor S. Dooly, and United States of America, Defendants,

Of whom Geary Thomas Dooly is the Appellant.

Appellate Case No. 2014-000600

Appeal From Spartanburg County
Gordon G. Cooper, Master-in-Equity

Unpublished Opinion No. 2015-UP-404
Submitted May 1, 2015 – Filed August 12, 2015

**AFFIRMED**

Geary Thomas Dooly, pro se, of Spartanburg.

Giles M. Schanen, Jr., and Sarah Rachelle Anderson, both of Nelson Mullins Riley & Scarborough, LLP, of Greenville, for Respondent.

**PER CURIAM:** Geary Thomas Dooly appeals the master-in-equity's order dismissing his counterclaims with prejudice. On appeal, Dooly argues (1) this case was wrought with fraud, deception, and acts of bad faith; (2) Deutsche Bank National Trust Company's (the Bank's) counsel failed to establish their authority and jurisdiction to represent the Bank; (3) the Bank failed to provide a signed contractual agreement delegating authority to its counsel; (4) the Bank failed to reply, defend, or comply with the allegations presented in his Third Amended Counterclaim; (5) the master-in-equity lacked jurisdiction; (6) the circuit court failed to schedule a hearing on his motion to reconsider its order; (7) the master-in-equity erred in dismissing his counterclaims; (8) the circuit court erred in declining to grant his request for a continuance; (9) the circuit court erred in dismissing his counterclaims; (10) the circuit court ignored his motion to reconsider; (11) this case should be dismissed due to the bad faith and fraudulent actions of the Bank's counsel; and (12) the master-in-equity erred in denying his request for a continuance. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Issue Five: Rule 53(b), SCRCP ("In an action . . . for foreclosure, some or all of the causes of action in a case may be referred to a master . . . by order of a circuit judge or the clerk of court."); Rule 53(c), SCRCP ("Once referred, the master . . . shall exercise all power and authority which a circuit judge sitting without a jury would have in a similar matter."); Rule 71(a), SCRCP ("Actions to foreclose liens or obtain partition of real property shall be tried by the court, and shall ordinarily be referred to a master pursuant to Rule 53."); *Eddins v. Eddins*, 304 S.C. 133, 135, 403 S.E.2d 164, 166 (Ct. App. 1991) ("[I]n construing an ambiguous order or decree, the determinative factor is to ascertain the intent of the judge who wrote the order."); *id*. at 136, 403 S.E.2d at 166 ("'[T]he interpretation or construction of a judgment must be characterized by justice and fairness.'" (quoting 46 Am. Jur. 2d *Judgments* § 73 (1969))).

2. As to Issue Seven: *Judy v. Martin*, 381 S.C. 455, 459, 674 S.E.2d 151, 153 (2009) ("[A]n unappealed ruling becomes the law of the case and precludes further consideration of the issue on appeal." (citing *In re Morrison*, 321 S.C. 370, 372 n.2, 468 S.E.2d 651, 652 n.2 (1996))); Rule 59(e), SCRCP ("A motion to alter or amend the judgment shall be served not later than [ten] days after receipt of written notice of the entry of the order.").

3. As to Issue Twelve: *First Sav. Bank v. McLean*, 314 S.C. 361, 362, 444 S.E.2d 513, 514 (1994) ("A motion for continuance is within the sound discretion of the [circuit] court and the ruling will not be reversed without a clear showing of

abuse."); *Purex Corp. v. Walker*, 278 S.C. 388, 390, 296 S.E.2d 868, 869 (1982) ("Whether a judge does or does not abuse his discretion depends upon the facts before him at the time.").

4.  As to the remaining issues: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 25, 602 S.E.2d 772, 780 (2004) ("If a party is unsure whether he properly raised all issues and obtained a ruling, he must file a Rule 59(e)[, SCRCP,] motion or an appellate court may later determine the issue or argument is not preserved for review.").

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.