**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Green Tree Servicing, LLC, Appellant,

v.

Paula R. Illingworth, Respondent.

Appellate Case No. 2016-002249

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2019-UP-285
Submitted April 1, 2019 – Filed August 7, 2019

**REVERSED**

B. Lindsay Crawford, III, Theodore von Keller, Sara
Christine Hutchins, and Baxter Lindsay Crawford, IV, all
of Crawford & von Keller, LLC, of Columbia, for
Appellant.

Shawn M. French, Sr., of The French Law Firm, LLC, of
Mount Pleasant, for Respondent.

**PER CURIAM:** Green Tree Servicing, LLC (Green Tree) appeals the circuit court's order dismissing its third foreclosure action against Paula Illingworth. Green Tree argues the circuit court erred in granting Illingworth's motion to

dismiss and finding the action was barred by res judicata. Illingworth did not file a respondent's brief.[1] We reverse.

We reverse the circuit court's order dismissing Green Tree's 2015 foreclosure action because regardless of whether the master's order dismissed the foreclosure action with or without prejudice, Green Tree was free to bring a new action with each subsequent default event. "It is well settled, that a single contract, *unless it be payable in installments*, [cannot] be split up, and become the foundation of a plurality of suits . . . . " *Mitchell v. Fed. Intermediate Credit Bank of Columbia*, 165 S.C. 457,479, 164 S.E. 136, 143 (1932) (emphasis added) (quoting *S. & N. Ala. R.R. Co. v. Henlien & Barr*, 56 Ala. 368, 373 (1876)). In *United States Bank Trust National Ass'n v. Bell*, this court opined that when the mortgagors missed two consecutive monthly payments, "[t]hese missed payments each constitute[d] a default by the [mortgagors]." 385 S.C. 364, 377, 684 S.E.2d 199, 206 (Ct. App. 2009). The court noted the missed "payments each independently establish[ed] a default" and that "[o]nce default occur[ed] . . . the balance owed on the note [was] accelerated, and [the mortgagee was] entitled to foreclose based on that default." *Id.* at 377 n.11, 684 S.E.2d at 206 n.11. *See also State ex rel. Wilson v. Ortho-McNeil-Janssen Pharm., Inc.*, 414 S.C. 33, 78, 777 S.E.2d 176, 200 (2015) (recognizing that in the context of the running of the statute of limitations, "continuous accrual applies whenever there is a continuing or recurring obligation: [w]hen an obligation or liability arises on a recurring basis, a cause of action accrues each time a wrongful act occurs, triggering a new limitations period" (alteration by court) (quoting *Aryeh v. Canon Bus. Sols., Inc.*, 292 P.3d 871, 880 (2013))).

Moreover, if the master's order acts to bar Green Tree from bringing any subsequent foreclosure actions notwithstanding Illingworth's ongoing default, Illingworth would be entitled to enjoy the benefit of the loan (i.e., ownership of the property) without repaying it. This result would be inequitable and would violate public policy. *See Bell*, 385 S.C. at 373, 684 S.E.2d at 204 ("A mortgage foreclosure is an action in equity." (quoting *Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 248, 489 S.E.2d 472, 475 (1997))); *S.C. Pub. Interest Found. v.*

---

[1] Illingworth's failure to file a brief supports reversal. *See* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."); *see also Turner v. Santee Cement Carriers, Inc.*, 277 S.C. 91, 96, 282 S.E.2d 858, 860 (1981) (stating the respondent's failure to file a brief "allows this [c]ourt to take such action upon the appeal as it deems proper" and "[t]his failure alone would justify reversal").

*Greenville Cty.*, 401 S.C. 377, 387, 737 S.E.2d 502, 507 (Ct. App. 2013) (noting "[r]es judicata is rather a principle of public policy than the result of equitable considerations" (quoting *Watson v. Goldsmith*, 205 S.C. 215, 221-22, 31 S.E.2d 317, 319-20 (1944))); *Ashburn v. Rogers*, 420 S.C. 411, 419, 803 S.E.2d 469, 472 (Ct. App. 2017) ("Collateral estoppel or res judicata 'may be precluded [when] unfairness or injustice results, or public policy requires it.'" (alteration by court) (quoting *Carrigg v. Cannon*, 347 S.C. 75, 81, 552 S.E.2d 767, 770 (Ct. App. 2001))).

As to whether the circuit erred in determining that the master's order dismissed the suit under Rule 41(b), SCRCP, "in construing an ambiguous order . . . , the determinative factor is to ascertain the intent of the judge who wrote the order." *Widewater Square Assocs. v. Opening Break of Am., Inc.*, 314 S.C. 149, 151, 442 S.E.2d 185, 186 (Ct. App. 1994) (quoting *Eddins v. Eddins*, 304 S.C. 133, 135, 403 S.E.2d 164, 166 (Ct. App. 1991)). "As a general rule, judgments are to be construed like other written instruments. The determinative factor is the intent of the court, as gathered, not from an isolated part thereof, but from all the parts of the judgment itself." *Doe v. Bishop of Charleston*, 407 S.C. 128, 135, 754 S.E.2d 494, 498 (2014) (quoting *Weil v. Weil*, 299 S.C. 84, 90, 382 S.E.2d 471, 474 (Ct. App. 1989)). "In applying this rule, effect must be given to that which is unavoidably and necessarily implied in a judgment, as well as to that which is expressed in the most appropriate language. Sometimes . . . the interpretation or construction of a judgment must be characterized by justice and fairness." *Eddins*, 304 S.C. at 135-136, 403 S.E.2d at 166 (quoting 46 Am. Jur. 2d *Judgments* § 73 (1969). "If the language employed is plain and unambiguous, there is no room for construction or interpretation, and the effect thereof must be declared in the light of the literal meaning of the language used." *Bishop of Charleston*, 407 S.C. at 135, 754 S.E.2d at 498 (quoting *Weil*, 299 S.C. at 90, 382 S.E.2d at 474).

Upon review of the entire order, we hesitate to disregard that the master marked "Rule 41(a), SCRCP (Vol. Nonsuit)" (especially when there was an option for him to check "other") and then wrote "Rule 41(a)" in another spot. Therefore, we find the master intended to dismiss the action pursuant to Rule 41(a)(2), SCRCP. Under Rule 41(a)(2), because the master did not otherwise specify, the dismissal was without prejudice. *See* Rule 41(a)(2), SCRCP ("Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."). "An order of dismissal for *failure to proceed with the suit* is in the nature of a discontinuance of the action and is not an adjudication of the merits. Ordinarily, it does not put an end to the cause of action, but merely terminates the suit itself." *Small v. Mungo*, 254 S.C. 438, 443-44, 175 S.E.2d 802, 804 (1970) (emphasis added) (sustaining

the circuit court's order dismissing the action for failure to prosecute, but finding dismissal with prejudice was not justified under the facts of the case).

Accordingly, we reverse the circuit court's order of dismissal of the 2015 action.

**REVERSED[2].**

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.