**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Antwon Deangelo Goodwin, Appellant.

Appellate Case No. 2018-000144

Appeal From Charleston County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2020-UP-191
Submitted May 1, 2020 – Filed June 24, 2020

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Susannah Rawl Cole, all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

**PER CURIAM:**  Antwon D. Goodwin appeals the trial court's denial of his Rule 29(a) and (b), SCRCrimP, motion for a new trial.  On appeal, Goodwin argues the trial court erred by (1) finding he did not timely file his Rule 29(a), SCRCrimP, motion for a new trial, (2) denying trial counsel's motion to be relieved as counsel during the trial, and (3) admitting evidence trial counsel previously represented Darrell Royal, one of the State's witnesses.  We affirm.

The trial court did not err by denying Goodwin's Rule 29(a), SCRCrimP, motion on the basis it was untimely filed.  *See State v. Campbell*, 376 S.C. 212, 215, 656 S.E.2d 371, 373 (2008) ("It is a long-standing rule of law that a trial judge is without jurisdiction to consider a criminal matter once the term of court during which judgment was entered expires."); Rule 29(a), SCRCrimP (permitting post-trial motions to be made within ten days after the imposition of the sentence).  At the end of his 2003 trial, Goodwin stated, "I have several [m]otions.  Can I reserve that until later, Your Honor?"  The trial court replied, "Certainly.  I will be back here two weeks from now.  With that said, this case will now be drawn to a close."  Goodwin's sentencing sheet reflected the following special condition: "[Goodwin's] motions reserved for a later date."  Fourteen years later, in March 2017, Goodwin filed a Rule 29(a), SCRCrimP, motion, seeking a new trial.  Although Goodwin contends the trial court reserved its right to rule on his post-trial motions during this exchange, the trial court could not have reserved a right to rule on motions that Goodwin never articulated.  Goodwin only stated he had "several [m]otions," and did not further expound on the type or content of the motions.  Thus, the question posed to the trial court only related to the timeframe in which motions could be brought before it.  This interpretation of the exchange suggests the trial court extended the time for filing post-trial motions, which is supported by the trial court's January 2018 order.[1]  *See Eddins v. Eddins*, 304 S.C. 133, 135, 403 S.E.2d 164, 166 (Ct. App. 1991) ("First, in construing an ambiguous order or decree, the determinative factor is to ascertain the intent of the judge who wrote the order."); *id.* at 136, 403 S.E.2d at 166 ("On appeal from an order in which a judge construes his own previously issued order, this court has jurisdiction to construe the appealed order, but in this situation due deference and great weight should be given to the opinion of the trial judge who had the advantage of knowing his own intent.").  In its January 2018 order denying Goodwin's Rule 29(a) motion, the trial court stated, "Although I extended this time by allowing the Defendant to make his post-trial motions when I returned to Charleston two weeks after the Defendant's conviction, no post-trial motions were filed or heard."  Accordingly,

---

[1] The same judge who presided over the 2003 trial denied Goodwin's Rule 29(a), SCRCrimP, motion in January 2018.

we affirm the trial court's denial of Goodwin's Rule 29(a) motion because it was not timely filed following his 2003 trial.[2] *See State v. Warren*, 392 S.C. 235, 239, 708 S.E.2d 234, 236 (Ct. App. 2011) ("The court does not retain authority to entertain a motion which is not made within ten days of sentencing.").[3]

**AFFIRMED.**[4]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[2] Because we find Goodwin's Rule 29(a), SCRCP, post-trial motion was untimely, we need not reach the trial court's alternative ruling on the merits of the motion. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 612 (1999) (finding an appellate court does not need to address the remaining issues when the resolution of the prior issue is dispositive).

[3] We acknowledge that in August 2007, a PCR court dismissed a PCR application Goodwin had filed without prejudice finding "the parties agreed the timely post-trial motions . . . have not been presented to the trial court and are still pending for resolution." However, as discussed, the trial court could not have reserved a right to rule on motions that Goodwin never articulated, nor can parties agree to confer subject matter jurisdiction upon a court. *See State v. Grim*, 341 S.C. 63, 66, 533 S.E.2d 329, 330 (2000) ("[P]arties cannot confer subject matter jurisdiction by consent."). Further, we note that despite the PCR court's 2007 order, Goodwin still waited over nine additional years to file his post-trial motions.

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.