**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William A. Morgan, Respondent,

v.

Sterling Estates Homeowner's Association, Inc., and Paul Thomas Garner, Defendants,

Of Whom Paul Thomas Garner is the Appellant.

Appellate Case No. 2019-002122

---

Appeal From Spartanburg County
Grace Gilchrist Knie, Circuit Court Judge

---

Unpublished Opinion No. 2022-UP-257
Submitted May 1, 2022 – Filed June 8, 2022

---

**AFFIRMED**

---

Langdon Cheves, III, of Willson Jones Carter & Baxley, P.A., of Greenville; and Martin Kyle Thompson, of Greenville, both for Appellant.

Jason Michael Imhoff, of Kenison Dudley & Crawford, LLC, of Greenville, for Respondent.

---

**PER CURIAM:** Paul Thomas Garner appeals the circuit court's order granting William Morgan's motion to enforce a settlement agreement. On appeal, he argues the circuit court erred in (1) finding the parties entered into an enforceable settlement agreement and (2) finding Morgan had the authority to determine the contractor and scope of the work to be performed. We affirm.

1. The circuit court did not err in granting Morgan's motion to enforce the settlement because the parties entered into a binding settlement agreement when they agreed—on the record—to move a storm drain in Garner's yard. *See Pee Dee Stores, Inc. v. Doyle*, 381 S.C. 234, 241, 672 S.E.2d 799, 802 (Ct. App. 2009) ("In South Carolina jurisprudence, settlement agreements are viewed as contracts."); *Byrd v. Livingston*, 398 S.C. 237, 241, 727 S.E.2d 620, 622 (Ct. App. 2012) ("An action to construe a contract is an action at law."); *id.* ("In an action at law, on appeal of a case tried without a jury, the judge's findings will not be disturbed unless they are without evidentiary support."); *id.* ("However, this court is free to decide questions of law with no particular deference to the trial court."); Rule 43(k), SCRCP (stating an agreement is binding if it is "made in open court and noted upon the record"); *Patricia Grand Hotel, LLC v. MacGuire Enters., Inc.*, 372 S.C. 634, 638, 643 S.E.2d 692, 694 (Ct. App. 2007) ("South Carolina common law requires that, in order to have a valid and enforceable contract, there must be a meeting of the minds between the parties with regard to *all* essential and material terms of the agreement." (quoting *Player v. Chandler*, 299 S.C. 101, 105, 382 S.E.2d 891, 893 (1989))). Although the parties did not specify the exact scope of the work to be done, they agreed to move the storm drain and to hire a contractor to determine the scope of the work needed to accomplish this purpose. Thus, we hold the circuit court did not err in finding the parties reached a meeting of the minds sufficient to enter into an enforceable contract.

2. The circuit court did not err in allowing Morgan to choose the engineer who would complete the repair because the order did not alter the agreement; it simply allowed the repair to proceed in line with the settlement agreement. *See Kumar v. Third Generation, Inc.*, 324 S.C. 284, 289-90, 485 S.E.2d 626, 629 (Ct. App. 1995) ("A trial court has inherent jurisdiction to enforce settlement agreements entered before it."); *Rock Smith Chevrolet, Inc. v. Smith*, 309 S.C. 91, 93, 419 S.E.2d 841, 842 (Ct. App. 1992) (underscoring the circuit court's "inherent jurisdiction and power" over the enforcement of settlement agreements and stating that "[i]n South Carolina the trial [court] has, by reason of the common law, thirteenth-juror authority to see that justice is done in every case").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.